IRVING PUGH *vs.* WINONA & ST. PETER RAILROAD COMPANY.

August 24, 1882.

**Appeal—Order Refusing to Require Definiteness in Pleading.**—An order refusing to require a pleading, indefinite and uncertain in its allegations of fact, to be made definite and certain, is an appealable order.

**Complaint—Indefinite Allegations should be Stricken Out.**—It appearing, upon a motion to have a complaint made definite and certain in some particulars, that the plaintiff had pleaded specifically all the facts within his knowledge, and upon which he proposed to rely upon the trial, and that he was possessed of no knowledge or information to sustain the general and indefinite allegations, objected to, *held*, that such general and indefinite allegations should be stricken out.

Appeal by defendant from an order of the district court for Olmsted county, *Start*, J., presiding, refusing to require plaintiff to make his complaint more definite and certain. The case is stated in the opinion.

*Wilson & Gale*, for appellant.

The order is appealable. *Lovejoy* v. *Morrison*, 10 Minn. 108, (136;) *Starbuck* v. *Dunklee*, 10 Minn. 136, (168;) *Rice* v. *First Div., etc., R. Co.*, 24 Minn. 447; *Stanley* v. *City of Davenport*, 54 Iowa, 463; *Arrieta* v. *Morrissey*, 1 Abb. Pr. (N. S.) 439; *Culver* v. *Hollister*, 17 Abb. Pr. 405; *Clark* v. *Langworthy*, 12 Wis. 441; *Horn* v. *Ludington*, 28 Wis. 81.

The court erred in denying the motion. *Clark* v. *Chic., Mil. & St. Paul Ry. Co.*, 28 Minn. 69; *Chic., B. & Q. R. Co.* v. *Harwood*, 90 Ill. 425; *Ballou* v. *Chicago & N. W. Ry. Co.*, 11 N. W. Rep. 559; *Wiggins* v. *Gans*, 3 Sandf. 738; *Broderick* v. *Poillon*, 2 E. D. Smith,

554; *Chesbrough v. N. Y. & Erie R. Co.*, 26 Barb. 9; *Wall v. Buffalo Water Works Co.*, 18 N. Y. 119; *Flanders v. McVickar*, 7 Wis. 372; *Markwell v. Sup'rs of Washara Co.*, 10 Wis. 74; *Learmouth v. Beeder*, 11 Wis. 138; *Clark v. Langworthy*, 12 Wis. 441; *Horn v. Ludington*, 28 Wis. 81; *Barker v. Thorold*, 1 Saund. 40; *Loomis v. Rice*, 37 Wis. 262.

*Bentley & Vance* and *C. K. Davis*, for respondent.

The order is not appealable. *McMahon v. Davidson*, 12 Minn. 357; *Rice v. First Div., etc., R. Co.*, 24 Minn. 447; *Field v. Stewart*, 8 Abb. Pr. (N. S.) 193; *Murphy v. Dickinson*, 40 How. Pr. 66; *Field v. Stewart*, 41 How. Pr. 95; 3 Estee's Pleadings, 399.

The order is correct, the facts being peculiarly within the knowledge of defendant, and less particularity being therefore required in the averments. *McCauley v. Davidson*, 10 Minn. 335, (418;) *Clark v. Chic., Mil. & St. P. Ry. Co.*, 28 Minn. 69; *Andrews v. Whitehead*, 13 East, 102; 1 Chitty, Pl. 233; Stephen on Pleading, 370; Bliss on Code Pleading, § 310.

DICKINSON, J.   The plaintiff, an employe of the defendant, was injured, as appears from the complaint, by reason of a loaded freight car, upon which plaintiff was engaged as brakeman, running off the track.   The complaint alleges that the car had been sent loaded from Pittsburgh, Pennsylvania, and in course of transit to its destination was received by the defendant upon its line of road, and was being run thereon by the defendant when the accident occurred.   The complaint alleges that when the car was received by the defendant, and from that time until the accident occurred, it "was in a bad, damaged, worn, defective, unsafe, unfit, and improper condition for use, in that all the wheels on one end of said car were both worn and loose upon the axles of said car, to such an extent as to render said car wholly unfit and unsafe for use; that said wheels were both so loose and so much worn that the same would wabble sideways on its axle when said car was in motion, on the railroad track, and cause the same to jump the track; *and the said car was badly constructed and out of repair in other respects, which contributed to plaintiff's injury* herein stated, all of which the defendant well knew," etc.

The defendant, upon affidavit showing want of knowledge respecting the defects thus generally alleged, and its inability, in consequence, to make its answer or to prepare for trial, moved for an order requiring the complaint to be made definite in respect to the allegation above quoted in italics. The motion was denied upon hearing, and defendant appealed from the order denying the motion.

1. Is the order one "involving the merits of the action, or some part thereof," and hence, under the statute, appealable?

For the purpose of determining this question, it must be considered that the allegation in question stands, in the complaint, as an averment of a *fact*, which the plaintiff will sustain by *proof* upon the trial. Assuming this allegation of the complaint to be indefinite and uncertain; that, by reason of such defect, the defendant was unable to plead in answer, or to prepare for trial, and that it could have been made definite and certain by the plaintiff, the defendant had a strict legal right to have it made so. A refusal of the motion under these circumstances would involve the merits of the action, in the sense in which the statute has been interpreted in this court. *County of Chisago* v. *St. Paul & Duluth R. Co.*, 27 Minn. 109. The presumable result would be that the plaintiff would, upon trial, sustain by proof the fact which defendant was, by reason of the defective form of the complaint, unable to oppose by evidence. The pleadings, when settled, determine the right to prove the material facts alleged. The remedy for indefinite pleading is not by objection to evidence, but by motion, such as was made in this case. Hence we deem an order refusing to require a pleading to be made definite and certain to be appealable.

2. Did the court err in denying the motion? The affidavit of the plaintiff's attorney, presented in opposing the motion, showed that diligent effort had been made by plaintiff and his attorney to ascertain the precise defects in the car, but that they had been unable to do so further than alleged in the complaint. No reason or foundation is given to support the truth of the averment in the complaint as to other defects than those specifically named therein. As the case was presented to the court below, and as it is before us, it

would seem that the case of plaintiff really rested upon the facts specifically pleaded. The affidavit referred to shows this *prima facie*, and such was the view taken by the learned judge of that court; for, in the memorandum accompanying the order in question, he says: "It appears in the case at bar, from the affidavit and statement of plaintiff's counsel, that he has in good faith alleged all the defects in the car known to the plaintiff or his counsel; that they are the defects he intends to rely upon on the trial; * * * that the object of the general allegation complained of is to prevent the plaintiff from being barred from proving other defects, if any such should come to his knowledge." We concur thus far in the view of the learned judge, but it leads us to a conclusion different from his. Under these circumstances the allegation objected to, since it could not be cured by amendment, should not have been allowed to stand, but should have been stricken out. If, at a later stage of the case, other facts should come to the knowledge of the plaintiff, it would be in the power of the court to allow the pleading of such facts by amendment.

We do not decide that a pleading, although in some respects indefinite, may not under any circumstances be allowed to stand without amendment, as a proper, and the only possible, form of pleading.

Order reversed.