E. E. Van Zandt *vs.* S. H. Wood Produce Co.

Submitted on briefs June 8, 1893.   Appeal dismissed July 14, 1893.

Nonappealable Order.
>An order requiring a bill of particulars to be made more specific is not appealable.

Appeal by the defendant, the S. H. Wood Produce Company, from an order of the District Court of Hennepin County, *Thomas Canty,* J., made December 30, 1892, directing it to file a more specific bill of particulars.

The plaintiff, E. E. Van Zandt, of Wahpeton, N. Dak., by her complaint alleged that between April 6, and June 11, 1892, she advanced to the defendant over $650 upon the agreement that defendant should act as her broker and buy and sell grain and provisions for her, at such times and where, and as often as plaintiff might direct. Pursuant to this employment defendant purchased for her at various markets large quantities of grain and provisions, and sold a part at a great profit, but sold the residue contrary to her instructions, and for less than the market value. She prayed that defendant be decreed to make discovery of all the transactions, and that an account be taken under the direction of the court, and that defendant be charged therein with all benefit and advantage obtained by it in the transactions, and with any profit which she would have received had it obeyed her instructions. She further prayed final judgment for the amount so found due, and for such other and further relief as to the court should seem equitable. Defendant by its answer denied that it sold below the market or contrary to instructions, and denied that anything was due plaintiff, but on the contrary that she owed it a balance in the transactions of $297.26, and attached a copy of its account, and asked judgment against her for that sum with costs. The account stated dates of purchases and sales and the quantities and prices, but did not disclose the places where, or the names of the parties from whom, it was purchased, or to whom sales were made. The plaintiff, on notice and affidavit of her ignorance of these facts, moved the court for an order requiring defendant to furnish a more detailed

bill of particulars. The trial court granted the motion, saying:

"Both in court and out of court the principal is as much entitled to a full account of his agent's transactions as he is to the proceeds of those transactions, or to his property in his agent's hands; and in a court of equity he is entitled to a specific performance of this duty of the agent. It is his duty to furnish the evidence to charge himself, so far as a disclosure of all his transactions, as agent, will charge him. It is his duty to furnish this evidence, not at a time when he can take the principal by surprise, but before any suit is commenced against him, as well as after suit is commenced, and at such reasonable length of time before trial as will give his principal the full benefit of the agent's disclosure.

"The code practice, while it has modified remedies, has abolished no rights, and the duty of an agent to disclose will still be enforced in equity as a right superior to the mere right to use the adverse party as a witness. *Rippe* v. *Stogdill,* 61 Wis. 38; *Schwickerath* v. *Lohen,* 48 Wis. 599.

"The mere relation of principal and agent does not constitute the agent a trustee or *quasi* trustee, but when the relation is such that a confidence is reposed in the agent and the principal's funds or property are exclusively in the custody or control of the agent, or factor, and the matters for which an accounting is sought are peculiarly within his knowledge, he becomes a trustee, or at least a *quasi* trustee, to whom the same rules are applied. A bill of particulars is for the purpose of compelling the defendant to disclose his defense, and a refusal to obey the order to furnish it is not a contempt of court, but merely prevents defendant from introducing evidence to sustain his defense. *Marvin* v. *Brooks,* 94 N. Y. 71.

"Under the pleadings in this case the burden of proof is not on the defendant, at the trial, to show he has performed his duties. The plaintiff is not entitled to a bill of particulars in this case, but she is entitled to the relief she asks, which is that defendant be compelled to render a more specific account. She has simply called it by the wrong name."

Neither party made any reference on the argument in this court to the question whether an appeal is given by 1878 G. S. ch. 86, § 8, from orders of this character.

*Shaw & Cray* and *J. C. Fifield,* for appellant.

Our statute providing for a bill of particulars or verified statement of account, provides that a party shall deliver a copy of his account verified by his oath, or be precluded from giving evidence thereof, and the court may order a further or more particular bill. 1878 G. S. ch. 66, § 105. No such demand is here made; but, instead, an application to the court for this order.

A bill of particulars is a written statement of the details of the claim or defense in an action at law expressed informally, but with greater particularity than is used in pleadings, and is furnished by one party to the other in compliance with a statute, or a rule, or a special order of court. The object of it is to amplify a pleading and to indicate specifically the claim set up. *People* v. *Monroe,* 4 Wend. 200; *Landon* v. *Sage,* 11 Conn. 302; *Vischer* v. *Conant,* 4 Cow. 396; *Smith* v. *Hicks,* 5 Wend. 48. It need not state more than the party is bound to prove. *Matthews* v. *Hubbard,* 47 N. Y. 428; *Davis* v. *Freeman,* 10 Mich. 188. It is not furnished nor required for the purpose of disclosing a case to the opposite suitors, nor to their counsel. *Higenbotam* v. *Green,* 25 Hun, 214. It is not for the purpose of furnishing facts upon which to found a claim by the opposite party. *Fullerton* v. *Gaylord,* 7 Robt. 551. Nor to furnish evidence. *Drake* v. *Thayer,* 5 Robt. 694; *Gee* v. *Chase Manuf'g Co.,* 12 Hun, 630; *Oltman* v. *Griffin,* 53 Hun, 164. It is not the office of the bill of particulars to apprise the party of the nature of the proofs or of the names of his witnesses. *Dempwolf* v. *Hills,* 53 N. Y. Super. Ct. 105. It need not state the grounds upon which the party claims. *Seaman* v. *Low,* 4 Bosw. 337.

If the defendant does not furnish a bill of particulars or statement within ten days the statute plainly provides that it shall be precluded from giving evidence thereof, and that is the extent of her right. *Tuttle* v. *Wilson,* 42 Minn. 233; *Henry* v. *Bruns,* 43 Minn. 295; *Leuthold* v. *Fairchild,* 35 Minn. 99.

*Cobb & Wheelwright,* for respondent.

The only question for discussion on this appeal is, was this order one which the court below had the power to make? Broadly stated, respondent's position is that, irrespective of any statute, it is within

the power of the court, by virtue of its inherent power to regulate the conduct of trials, and as an incident of its general authority in the administration of justice, in all descriptions of actions, to compel either party to furnish to the other, the particulars of the facts which he expects to prove; and that in the case at bar the statement which the court below has ordered the defendant to furnish is within this rule. *Tilton* v. *Beecher*, 59 N. Y. 176; *Dwight* v. *Germania Life Ins. Co.*, 84 N. Y. 493; *Witkowski* v. *Paramore*, 93 N. Y. 467; *Kelsey* v. *Sargent*, 100 N. Y. 602; *Peabody* v. *Cortada*, (Sup.) 18 N. Y. Supp. 622; *Williams* v. *Folsom*, (Sup.) 13 N. Y. Supp. 712; *Claflin* v. *Smith*, 66 How. Pr. 168; *Commonwealth* v. *Giles*, 1 Gray, 466.

DICKINSON, J.   After the answer had been put in, to which was appended a bill of particulars of the matters set forth in the answer, the court, on motion of the plaintiff, made an order requiring the defendant to file a further bill of particulars stating other facts concerning the matters specified in the former bill. This is an appeal by the defendant from that order. We regard the order as not appealable. Perhaps the decision in *Pugh* v. *Winona & St. P. R. Co.*, 29 Minn. 390, (13 N. W. Rep. 189,) may lend some support to the contrary conclusion, but we do not think that the rule of appealability as applied in that case should be further extended.

Appeal dismissed.

(Opinion published 55 N. W. Rep. 863.)

