Adamson vs. Raymer and others.

Adamson, Respondent, vs. Raymer and others, Appellants.

*October 13 — November 4, 1896.*

Libel: Pleading: Mitigating circumstances: Construction: Appealable order: Making definite and certain: Discretion.

1. In an action for libel, facts and circumstances even though unrelated which, while not proving the truth of the libelous charge, are connected with and bear upon it, and tend in some appreciable degree towards such proof, so as to permit an inference that the defendant was not actuated by actual malice, or which tend to show that, although mistaken, the defendant yet believed, on reasonable grounds, the charge to be true, may be pleaded and proved in mitigation of damages, not only to the aggregate defamation but to each defamatory charge as well.

2. The defendant in such a case being precluded from proving mitigating circumstances which he has not pleaded, it is error to strike out such matters from the answer, unless it is clear that under no possible circumstances could they have the bearing claimed for them.

3. The question whether facts and circumstances are properly pleaded in mitigation of damages must be determined by an examination of the libelous publication as a whole, giving each word and accusation its proper weight and consequence in view of the whole writing and the sense in which the writer intended it.

4. A publication charging a chief of police with dishonesty in general and in detail, and adding that he "has in manifold ways proved his absolute unfitness for the office which he fills, or for any other office of a public nature where honor counts for aught," is a charge of general unfitness for office, and not merely a charge of general official dishonesty.

5. An order striking out matters pleaded in mitigation of damages in an action for libel involves the merits of the action or some part thereof, and is therefore appealable under subd. 4, sec. 3069, R. S.

6. An order directing a pleading to be made more definite and certain is discretionary, and is not appealable unless there has been an abuse of discretion.

Appeals from orders of the circuit court for Dane county: R. G. Siebecker, Circuit Judge. *Affirmed in part; reversed in part.*

This is an appeal from two orders striking out parts of two separate answers of the defendants as irrelevant and re-

Adamson vs. Raymer and others.

dundant, and requiring other parts to be made more definite and certain. The appeal was taken before the enactment of ch. 212, Laws of 1895. The action is for the publication in the newspaper of the defendants, the Madison Democrat, of certain articles alleged to be libelous of the plaintiff. The complaint sets forth three alleged libels as so many separate causes of action. The plaintiff was chief of police of the city of Madison. The first alleged libelous article is entitled "Our Tricky Police," and contains a particular charge of official misconduct on the part of the plaintiff, and closes by charging the police force of the city of Madison with being officials "who look out for their own selfish concern, regardless of consequences." The second of such alleged libelous articles is entitled "Police Sharpers," and repeats the charge in the former article, and in addition charges that the police force of the city of Madison are "police sharpers" and are "at it again," "or rather, a new species of corruptness practiced by it has just come to the surface;" that "a clear case of corruption against Chief *Adamson*" was proved; that the police were "a pretty pack of shameless, selfish intriguers these, who, before a case even gets into court, deliberately set about to make money for themselves, utterly regardless of the demands of justice;" that the plaintiff's "past conduct has been most disgraceful to the city administration,"— and closing with the charge that the execution of the law "is locally in the hands of a coterie of selfish, unconscionable sharpers who ply their vocation under the guise of policemen." The third alleged libelous article is entitled "A Travesty on Justice." It is quoted here in full, in order the better to illustrate the exact character of the questions presented by this appeal:

"A TRAVESTY ON JUSTICE.

"The Police Scandal Intensified.

"Since the Democrat has exposed a few of the tricks of Chief of Police *Adamson* and at least of one of his subordi-

nates, it has come into possession of information showing
scandalous conduct in other directions which, in its audacious
crookedness, far surpasses what has already been told.   It
is of such a character as places absolutely beyond question
the criminal dishonesty of the police department of the city,
even if that has not already been proven by the attempts on
the part of the police to surreptitiously secure a change in
the form of a complaint regardless of the matter of jus-
tice.   The information is open to a court of inquiry, and it
is the bounden duty of the mayor to have one established to
investigate the police department.   If this is not done, the
public must of necessity believe that the city administration
is willing to sanction such scandalous conduct as that which
has been fastened upon the police department, and as indors-
ing the perversion of justice which the police are constantly
promoting.   In no other city in the nation is it probable that
an investigation would be resisted by the mayor under such
circumstances as have been brought to light in Madison.   A
*prima facie* case has been made out against the chief of
police, and yet he is permitted to continue to perform his
functions as a public official.   The very leniency shown
toward him is itself a scandal.   It is an outrage on public
sentiment and public decency that an officer should for even
a single day be permitted to serve warrants and make arrests
when he himself has been convicted at the bar of public
opinion of conduct of the most questionable character.   It
is nothing short of a travesty on justice, and an insult to all
citizens who have a right to expect that public officials are
honorable and faithful in the performance of their duties.
Chief of Police *Adamson* has in manifold ways proved his
absolute unfitness for the office he fills, or for any other
office of a public nature where honor counts for aught.
His suspension pending an investigation is imperatively de-
manded.   The mayor should act at once.   Every day's delay
is a serious reflection on the honesty of purpose of an ad-

ministration which all democrats especially desire to see vindicated, and which all good citizens, irrespective of party, would be pleased to see proved."

The defendant *Raymer* answered separately. The defendants *Brandenburg* and the *Democrat Printing Company* served a joint answer. The answers, though separate, were in substance identical. Both answers set out specific instances of what was claimed to be corrupt and scandalous conduct on the part of the plaintiff, in connection with his office of chief of police, with much prolixity and detail. These were pleaded both by way of defense and in mitigation of damages. The answers are very long, and would cover many pages of the reports, with little profit to any, if copied at length. A brief statement of their general character, with some examples, must suffice. One is an instance where it is alleged, in effect, that when the district attorney, in pursuance of his duty, had advised the county board of supervisors against the allowance of certain fees claimed by the plaintiff, the plaintiff publicly and in a boisterous and disorderly manner reproved the district attorney, and sought in that way to coerce him to certify to the correctness of the bill, and to advise its allowance. Again, it is alleged that, for the purpose of increasing his fees, the plaintiff procured the issuance of warrants for the arrest of persons without proper cause, and against the advice of the district attorney, and alleging specific instances. Another was the case where plaintiff went to Chicago to arrest and bring to Madison a boy; became drunk while there; chained the boy to himself with handcuffs; visited saloons in Chicago, with the boy so chained to him; on the train conducted himself in a filthy and disgusting manner; fell asleep, when the boy released himself from the handcuffs, and escaped from the train, only a few miles out from Chicago; that plaintiff learned of the escape when the train reached Madison; that for this service he presented a bill for $47.12 to

the board of supervisors. Still others were cases where the
plaintiff was drunk and disorderly in public places within
the city of Madison, and while in such condition used pro-
fane and indecent language, in a loud and boisterous tone
and a disorderly manner, and perpetrated assault and bat-
tery upon sundry residents of the city of Madison. Another
that, during a strike by the employees of the *Democrat
Printing Company*, the plaintiff openly and ostentatiously
sympathized with the strikers, and prevented the taking of
proper means to prevent the strikers from intimidating, by
threats and violence, others from taking their places. From
these the general character of all the allegations which were
struck out of the defendants' answers may be inferred. The
court ordered them to be struck out, as irrelevant and re-
dundant, and others to be made more definite and certain.
From these orders the defendants appeal.

For the appellants there was a brief by *Geo. W. Bird* and
*Frank M. Wootton*, attorneys, and *John M. Olin*, of counsel,
and a separate brief by *Mr. Wootton*, and oral argument by
*Mr. Olin*.

For the respondent the cause was submitted on the brief
of *J. L. O'Connor* and *R. M. La Follette*.

NEWMAN, J. The ultimate question is whether the proof
of facts of the character of those set out in those portions
of the answers which were stricken out by the order ap-
pealed from can properly be received upon the trial for the
purpose of diminishing the damages to which the plaintiff
would be otherwise entitled by reason of the publication of
the libelous articles. If they can properly be received in
evidence for that purpose, they are proper to be pleaded;
otherwise, they are not proper to be pleaded. If they were
proper to be pleaded and proved, it was error to strike them
out from the answers; for such facts could not be received
in evidence on the trial, if they were not pleaded in the

answers. R. S. sec. 2678; *Reiley v. Timme*, 53 Wis. 63. Mitigating circumstances are those which, while not proving the truth of the libelous charge, yet are connected with or bear upon it, and are of such nature as tend in some appreciable degree towards such proof, so as to permit of an inference that the defendant was not actuated by actual malice in making the charge,— such as tend to show that, although mistaken, the defendant yet believed, on reasonable grounds, the charge to be true. Any such facts are competent to be pleaded and proved in mitigation of damages. *Kennedy v. Holborn*, 16 Wis. 457; *Mattice v. Wilcox*, 147 N. Y. 624. Any facts tending to overcome or lessen the presumption of malice, if properly pleaded in mitigation of damages, may be proved. *Eviston v. Cramer*, 54 Wis. 220. For this purpose particular unrelated instances may be pleaded and proved. *Wilson v. Noonan*, 27 Wis. 598; *Kimball v. Fernandez*, 41 Wis. 329. Whether the facts so pleaded and stricken out are of this character must be ascertained and determined by an examination and consideration of the libelous publications as a whole. Such construction is to be put upon the language as is consistent with the whole writing. It should be construed and understood in the sense in which the writer intended it. Each word and accusation is to be considered, and to have its proper weight and consequence. The plaintiff is entitled to have the jury consider, in the assessment of his damages, each defamatory charge, as well as the aggregate defamation. The defendant's right to mitigate should be equally broad, and apply to each defamatory charge.

In their general scope the libelous publications plainly charge the plaintiff, with iteration and detail, with general official dishonesty and corruption. But with equal plainness they charge more. They charge him with general unfitness for his office on other grounds than dishonesty. After charging him with dishonesty in general and in de-

tail, it is added: "Chief of Police *Adamson* has in manifold ways proved his absolute unfitness for the office which he fills, or for any other office of a public nature where honor counts for aught." Other passages are of similar import. This seems to be broader than the charge of official dishonesty only. It is a charge of general unfitness in more respects than had been already stated, "in manifold ways,"— "where honor counts for aught,"—in other ways than by dishonesty only. There is a sentiment quite prevalent in the community that drunkenness is unfitness for office; that it unfits one for any office; that it is a dishonor. So, too, of drunken and disorderly behavior in public places. It would hardly be questioned that words which impute to one, in his character of an officer, total unfitness for his office and a total want of official honor, *per se* constitute a libel. They clearly tend directly to diminish public confidence in his official integrity, and thus to injure him in the business of his office, as well as to cause his removal from office. *Lansing v. Carpenter*, 9 Wis. 541; *Spiering v. Andræ*, 45 Wis. 330. The defendants have the right to plead and prove, if they can, any facts which will properly go in mitigation of this libelous charge. The facts which were pleaded and stricken out seem to be so connected with this charge, and so to bear upon it, as to tend, in some appreciable degree at least, to show that the defendants believed it to be true, and so to permit an inference that they were not actuated by actual malice in its publication. But it is always a matter of difficulty and uncertainty to determine in advance of the trial, and on the pleadings alone, just what matters may be put in evidence, in any particular stage or condition of the trial, to show what causes induced the defendants to the action complained of. The determination of such question must needs be left largely to the discretion of the trial judge, to be exercised at the time when the question arises. The full relation and bearing of

Adamson vs. Raymer and others.

particular facts cannot well be foreseen.   The division line between such facts as are properly receivable in mitigation of damages, and those which are inadmissible for this purpose, cannot be defined with entire accuracy preliminary to the trial.   So, because the defendant will be precluded from giving in evidence those mitigating circumstances which do not appear in his answer, the courts must exercise great caution in striking out matter pleaded in mitigation, and should never do so unless it is clear that, under no possible circumstances, could the matter pleaded have the bearing claimed for it.   *Bradner v. Faulkner*, 93 N. Y. 515; Townshend, Slander & L. (4th ed.), § 361.   It certainly cannot be said that it is clear that proof of the matters which were stricken from the answers could have no bearing on the question of the defendants' belief in the truth of the defamatory charge, and so tend to show the absence of actual malice.   So it is considered to have been error to strike those portions from the answers.

The orders, so far as they strike out portions of the answers, were appealable, under R. S. sec. 3069, subd. 4, on the ground that they involve the merits of the action or some part thereof.   *Kewaunee Co. v. Decker*, 28 Wis. 669.   Subd. 4 is omitted in the revision of that section by ch. 212, Laws of 1895.   Those parts of the orders appealed from which direct certain portions of the answers to be made more definite and certain are of the class denominated discretionary orders, and are not appealable unless discretion is abused.   *McCarville v. Boyle*, 89 Wis. 651.   In this case no abuse of discretion is observed.

*By the Court.* — So much of the orders appealed from as strikes out portions of the answers is reversed; as to so much as requires parts of the answers to be made more definite and certain, the appeals are dismissed; and the cause is remanded for further proceedings according to law. Neither party is to have costs.   The respondent is to pay the clerk's costs.