AMERICAN BOOK COMPANY v. KINGDOM PUBLISHING COMPANY
and Others.[1]

| 71 | 363 |
| 83 | 6 |

January 26, 1898.

Nos. 10,927—(248).

**Pleading—Motion to Make Complaint More Definite—Appealable Order—Pugh v. Winona, 29 Minn. 390, Disapproved.**

The rule laid down in Pugh v. Winona, 29 Minn. 390, as to the appealability of an order denying a motion to make a pleading more definite and certain, disapproved.

**Pleading—Indefiniteness.**

If the meaning of the different allegations can be seen, and the cause of action or defense intended to be set forth by them is manifest, a pleading is not indefinite; nor is it uncertain if the nature of the charge or defense is apparent from such allegations.

**Same—Demurrer.**

A motion to make a pleading more definite and certain cannot be allowed to serve the purpose of a general demurrer.

**Action for Libel—Pleading—Specific Words.**

In actions for libel it is well settled that the specific words which have been published must be set forth in the complaint, that the court may determine their actionable quality. It is not sufficient to merely allege the legal effect of the words, or that the publication was of a certain defamatory tenor or import.

**Same.**

*Held*, in an action to recover damages on account of the publication of alleged defamatory matter, and to restrain defendant from further and additional circulation of the same matter, that, to state a good cause of action in the complaint, it was incumbent upon plaintiff's counsel to conform with the rule above mentioned.

Appeal by defendants from an order of the district court for Hen-

[1] Reported in 73 N. W. 1089.

nepin county, Elliott, J., denying their motion to make the complaint more definite.   Affirmed.

*Fifield, Fletcher & Fifield,* for appellants.

*C. D. & Thos. D. O'Brien* and *C. S. Jelley,* for respondent.

COLLINS, J.[2]

Under the provisions of G. S. 1894, § 5248, defendants moved the court below to make plaintiff's complaint more definite and certain, and, from an order denying such motion, this appeal was taken.

Such an order was held appealable in Pugh v. Winona, 29 Minn. 390, 13 N. W. 189, and on the authority of that case counsel were justified in appealing.   But we take this occasion to say that an order denying such a motion is no more an order involving the merits of the action, or some part thereof, than would be an order requiring that a bill of particulars be made more specific,—an order held nonappealable in Van Zandt v. Wood, 54 Minn. 202, 55 N. W. 863, in which reference was made to the ruling in Pugh v. Winona. Each of these orders related to matters of procedure, instead of to the merits of the action, and either could be reviewed on an appeal from the judgment.   Because we consider this appeal on the merits, it must not be understood that we now approve the rule established in the cause last referred to.   In fact, we disapprove it.

For the purpose of considering the appeal on its merits, we assume that the following statement as to the allegations of the complaint and the purpose of the action, copied from the brief of plaintiff's counsel, is correct:

"It is alleged that the defendants, in company with one George A. Gates and with other persons, engaged in a conspiracy to injure the business of the plaintiff and to destroy the same; that the overt act of such conspiracy consisted in the making, issuing and circulating throughout the United States a certain false, defamatory and scandalous compilation, entitled 'A Foe to American Schools'; that one edition of some 2,000 copies had already been so circulated, to the injury and damage of the plaintiff; and that the defendants had then in their possession at the city of Minneapolis a second edition of some 2,000 copies, which they were about to issue and circulate for like purposes.

"The relief demanded was two-fold:   First, a judgment for dam-

2 BUCK, J., absent, took no part.

ages already sustained; and, second, a permanent injunction against the defendants forbidding them further circulating any of the last edition of the pamphlet complained of, and asking the suppression and destruction of it. The action is now proceeding for the recovery of damages, a preliminary injunction having been dissolved."

From this it is manifest that the gist of the action is either the malicious libel upon plaintiff and upon its business, or the conspiracy entered into between defendants and other persons to injure or destroy its business by means of the alleged libel. The overt act upon which the right of action is rested, in either event, is the making, issuing and circulating by these parties of a certain false, defamatory and scandalous publication, entitled "A Foe to American Schools," which, it is averred, is a false and malicious attack upon the honesty, integrity and business methods of plaintiff, a corporation engaged in the manufacture and sale of school books; and the act which plaintiff seeks to restrain by injunction is the further circulation by defendants of this same publication. If the ground of the action is an alleged libel, the rules of pleading in such cases must be observed. And, if the ground of the action is a conspiracy entered into to injure plaintiff by means of a libel, that is by circulating a libel, the same rules are applicable; for in either case the essence of the cause of action is the alleged libel. It is the past publication of the false and defamatory matter of which plaintiff complains, and for which it is attempting to recover compensation; and it is the proposed further or additional circulation of the same libelous matter which it seeks to restrain.

While the complaint avers that the publication in question was false and defamatory; that it consisted of false statements and allegations of the nature before specified; and that, among other things, it accused plaintiff of being a trust and monopoly, of being illegal in its organization, of being unscrupulous in its business methods, of securing the election of trustees favorable to it by intrigue, bribery, threats and promises, of suborning newspapers, and dishonestly and unlawfully silencing opposition, yet there was no copy of said publication, or of any part of the same, incorporated into the complaint. The plaintiff's counsel have drawn their

own inferences as to the meaning of the language used in the publication, and then have averred in the complaint nothing but their conclusions as to the import and legal effect of the same. They insist in the pleading that the published words are defamatory and libelous, without setting them forth, without which the court has no means of ascertaining their actionable quality.

In so constructing the complaint, the rules of pleading in actions for libel have been entirely disregarded, for it is well settled that the specific words which have been published must be set out. It is not sufficient merely to state the effect of the language, or that the publication was of a certain defamatory tenor and import. The plaintiff cannot content himself with drawing his own inference from the words published, and then allege such inference, without apprising the defendant of the words of which he complains. While in actions for libel it may not be essential to set forth an entire article, it is absolutely necessary to set forth in precise words such parts or passages as are claimed to be actionable.

Tested by the universal rule, it would seem that the complaint is defective, because, in at least one particular, it does not contain facts sufficient to constitute a cause of action. If so, the remedy was by demurrer, not by motion to make more definite and certain by amendment. This motion is available when the allegations in a pleading are so indefinite that the precise nature of the cause of action or of the defense is not apparent. If the court can see the meaning of the different allegations, and the cause of action or the defense intended to be set forth by them, the pleading is not indefinite. Nor can it be pronounced uncertain if the nature of the charge or of the defense is apparent. 1 Stover's N. Y. Ann. Code, § 506, and notes; 6 Enc. Pl. & Prac. 274, and notes. So far as the allegations in this complaint go, their meaning is easily understood, and so is the nature of the charge intended to be made. The motion cannot be allowed to serve the purpose of a general demurrer, and that would have been its office if the motion here had been granted. Defendants' counsel mistook their remedy.

Order affirmed.