O'Connell vs. Smith and others.

O'CONNELL, Respondent, vs. SMITH and others, Appellants.

*October 11 — November 1, 1898.*

*Appealable orders.*

1. Since the amendment of sec. 3069, R. S. 1878, by ch. 212, Laws of 1895, an order setting aside or refusing to set aside a petition for a mechanic's lien is not appealable.

2. Since the enactment of that amendatory act, an order requiring or refusing to require a complaint to be made more definite and certain can be reviewed in the supreme court only on appeal from the final judgment.

APPEAL from orders of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Appeal dismissed.*

Action to foreclose a mechanic's lien. Defendant made a motion to set aside and vacate the plaintiff's petition for a lien, which was overruled. He then made a motion to make the complaint more definite and certain. This motion was also denied. Defendants appeal from the orders denying said motions.

For the appellants the cause was submitted on the brief of *Charles D. Smith.*

For the respondent there was a brief by *Martin & Gooding,* and oral argument by *P. H. Martin.*

BARDEEN, J. Since the amendment of sec. 3069, R. S. 1878, by ch. 212, Laws of 1895, an order setting aside or refusing to set aside a petition for a lien is not appealable.

The case of *Kunze v. Kunze*, 95 Wis. 264, which holds that an appeal does not lie from an order setting aside a notice of *lis pendens*, is much in point. Prior to the amendment mentioned, orders requiring or refusing to require a complaint to be made more definite and certain were not appealable unless discretion was abused. *McCarville v. Boyle*, 89 Wis. 651; *Adamson v. Raymer*, 94 Wis. 243. Since the amendment, such orders cannot be reviewed in this court except upon appeal from the final judgment.

*By the Court.*— The appeal is dismissed.