JOHN JOHNSON *v.* THE GREAT NORTHERN RAILWAY COMPANY.

Opinion filed November 3, 1903.

**Motion to Make Pleadings More Definite.**

1. In a case where the complaint states that a fire was negligently started by one of defendant's engines on September 18, 1902, and plaintiff's property thereby destroyed, a motion to make the complaint definite and certain, by stating the time of day when the engine passed the point where the fire originated, is not the proper remedy.

**Same.**

2. The complaint is not indefinite or uncertain so far as the nature of the cause of action is concerned, within the meaning of section 5284, Rev. Codes 1899.

**Indefinite and Uncertain as to Nature of Charge or Defense.**

3. It is only when the complaint or answer or reply is indefinite or uncertain so far as the nature of the charge or defense is concerned that the remedy offered by section 5284 applies.

**Where Pleading Is Definite and Certain as to Charge or Defense—Bill of Particulars.**

4. In cases where the pleadings are definite and certain as to the nature of the charge or defense, but further particulars are required for further pleading, or for due preparation for trial, the remedy is by asking a bill of particulars to be furnished.

**Same.**

5. The remedies afforded by sections 5282 and 5284, Rev. Codes 1899, are distinct, and to be applied exclusively under circumstances therein pointed out.

**On Application for Remedy Under Sec. 5282, Those Under Sec. 5284 Refused.**

6. If the remedy under either section is prayed for when the other should have been prayed for, the application must fail, and the remedy provided for by the other should not be granted under such application.

Appeal from District Court, Williams county; *Cowan,* J.

Action by John Johnson against the Great Northern Railway Company. Judgment for plaintiff, and defendant appeals.

Affirmed.

*C. J. Murphy,* for appellant.

Under the statute the trial court should require pleading to be made certain and definite, where the claim of the pleader, or facts

upon which it is based, are not apparent. In any event, the court can require him to furnish his opponent the particulars with respect to the claim or demand made. Rev. Codes 1899, sections 5282 and 5284.

The discretion is not an arbitrary one, and its abuse, by the lower courts, should be corrected on appeal. *Spenseley* v. *Janesville Cotton Manufacturing Co.,* 22 N. W. Rep. 574; *Lowenthal* v. *Works,* 18 N. Y. Sup. 523; *Goodman* v. *Robb,* 41 Hun. 605; *Pugh* v. *Winona & St. Peter R. Co.,* 13 N. W. Rep. 189; *Witkowski* v. *Paramore,* 93 N. Y. 467.

Failure to appeal from an order overruling motion to make pleading more certain, and interposing an answer, is a waiver of any error committed. *Coakley* v. *McCarty,* 34 Iowa 107; *Kline* v. *Railway Co.,* 50 Iowa 657; *Hurd* v. *Ladner et al.,* 81 N. W. Rep. 470.

*N. A. Stewart,* for respondents.

The indefiniteness, or uncertainty, to be relieved against on motion, must appear on the face of the pleading itself, and not from extrinsic facts. *Todd et al.* v. *Minneapolis & St. L. R. R. Co.,* 35 N. W. Rep. 5; *Lee* v. *Minneapolis & St. L. R. R. Co.,* 25 N. W. Rep. 399; *Wabash & W. Ry. Co.* v. *Morgan,* 32 N. E. Rep. 85; *Grinde* v. *Milwaukee & St. P. R. R. Co.,* 42 Iowa 376; *Tierney* v. *Burlington, C. R. & N. Ry. Co. et al,* 15 Am. & Eng. Railway Cases, 290, 17 N. W. Rep. 377.

The pleader should not be called upon to furnish his opponent with information peculiarly within the latter's knowledge.

MORGAN, J. In this case plaintiff seeks to recover damages for the destruction by fire of his property, alleged to have been caused by the negligence of the defendant in running an engine not in proper repair, and in negligently operating such engine; that, by reason of such negligence, sparks of fire escaped from such engine, and set fire to the dry grass and other combustible material negligently permitted to accumulate and remain on the right of way, and was negligently permitted by the defendant to escape from said right of way to plaintiff's property. The complaint alleges that such engine started the fire which burned plaintiff's property while going east on September 18, 1902. No objection is raised to the complaint, except that the time of day when such fire was set should be made certain and specific, and the hour when the engine

passed the point where the fire originated stated. Before the time for answering expired, defendant procured an order to show cause why the complaint should not be made specific and certain in respect to time. Such order to show cause was based on the affidavit of defendant's attorney, stating that such specific information as to time was necessary before defendant's answer to the complaint could be properly prepared; that four trains passed the point in question on September 18th going east; and that the complaint should be made more specific, so that the defendant could properly prepare its answer and prepare for trial, by procuring the attendance at the trial of the employes that were in charge of and operating said train and engine. The district court denied the application, and the defendant has appealed from the order denying the application.

No motion to dismiss the appeal was made by plaintiff, nor is the appealability of the order argued by him. The defendant claims that the order is appealable, and cites authority for his contention. Whether the order is appealable, or not, is a doubtful question, under the decisions of the different courts based on similar, if not identical statutes with ours. In Minnesota the order was first held appealable in *Pugh* v. *Ry. Co.,* 13 N. W. 189. That decision was disapproved in *American Book Co.* v. *Kingdom Pub. Co.,* 71 Minn. 363, 73 N. W. 1089, and was expressly overruled in *State* v. *O'Brien et al.,* 83 Minn, 6, 85 N. W. 1135. See, also, *Spensley* v. *Janesville Cotton Mfg. Co.,* 62 Wis. 649, 22 N. W. 574; *Young* v. *Lynch,* 66 Wis. 514, 29 N. W. 224; *Adamson* v. *Raymer,* 94 Wis. 243, 68 N. W. 1000; *Witkowski* v. *Paramore,* 93 N. Y. 467; *The Hanover Fire Ins. Co.* v. *Tomlinson,* 58 N. Y. 651. The question of the appealability of the order not having been raised or argued by respondent, and in view of the doubt involved as to the construction to be given to subdivision 4 of section 5626, Rev. Codes 1899, and in view of the importance of this question of practice, and inasmuch as the order appealed from must be affirmed in any event, we have deemed it best to dispose of the question presented, on the merits, without committing ourselves to the view that such an order is appealable, should the question be directly raised in another case in the future.

It remains to be determined whether the trial court erred in refusing to make the complaint definite and certain as to the time of day when the engine that caused the fire, as alleged, passed

the point where the fire is alleged to have originated. It is claimed by appellant that specifying the day generally, instead of specifically pointing out the precise time of day, renders the complaint indefinite and uncertain. Section 5284, Rev. Codes 1899, under which the motion is made, provides: "And when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." In this case the cause of action pleaded is the negligence of the defendant. No objection is raised against the complaint so far as the allegations of negligence are concerned. There is no indefiniteness in the statement of the cause of action, so far as its nature is concerned. The nature of the charge against the defendant is negligence resulting in the destruction of plaintiff's property. The precise time of day when the train passed that started the fire pertains to the circumstances or details or evidentiary matters that together comprise or make up the cause of action. The time called for is one of the many particular facts that together constitute the cause of action specifically pleaded, so far as its nature is concerned. Under said section of the statute, the nature of the cause of action is not apparent when material facts are stated in the alternative, so that it is not apparent on which averment the pleader relies, or when the allegations are so confused that it is not apparent what facts are intended to be charged, or when distinct causes of action are not separately stated, and in other cases where the cause of action stated is not apparent, owing to some indefiniteness that cannot be taken advantage of by demurrer. 6 Enc. Pl. & Pr. 274, and cited cases. In denying a motion to make a complaint definite and certain, the Supreme Court of Minnesota, in *Lee* v. *Minneapolis, etc., Ry. Co.,* 34 Minn. 225, 25 N. W. 399, said: "The uncertainty is not as to what the complainant alleges, but as to the particular evidence which the plaintiff will produce to support it. But we apprehend that the indefiniteness or uncertainty to be relieved against on motion is only such as appears on the face of the pleading itself, and not an uncertainty, arising from some extrinsic facts, as to what evidence will be produced to support it." See, also, *Todd* v. *Minneapolis, etc., Ry. Co.,* 37 Minn. 358, 35 N. W. 5. In *Tilton* v. *Beecher,* 59 N. Y. 176, 17 Am. Rep. 337, the court said, in considering the scope of a section of the New York Code identical in wording with our section 5284, *supra:* "It will be observed that it is

only where the precise nature of the charge is not apparent that an application can be made under this section. It enables a party to obtain a definite statement in the pleading of the nature of the charge intended to be made against him, but not of the particulars or circumstances of time and place. For this purpose a different proceeding is pointed out, viz., an application under section 158, which provides, among other things, 'the court may in all cases order a bill of particulars of the claim of either party to be furnished.' It is evident that in the present case there was no occasion for an application under section 160 to make the complaint more definite and certain. There is no uncertainty or indefiniteness in respect to the nature of the charge made against the defendant. The difficulty under which he claims to be laboring is that the complaint does not point out the times or occasions when the alleged offenses are claimed to have been committed." In the same case the court said: "But it is an error to suppose that bills of particulars are confined to actions involving an account, or to actions for the recovery of money demands arising upon contract. A bill of particulars is appropriate in all descriptions of action where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put to trial with greater particularity than is required by the rules of pleading." In *Dwight* v. *Ins. Co.,* 84 N. Y. 493, the court said: "First, unless changed by staute law, the power of the Supreme Court to order bills of particulars is not confined to actions upon demands for money, made up of various items. It extends to all descriptions of actions when justice demands that a party should be apprised of the matter for which he is to be put for trial with more particularity than is required by the rules of pleading." Section 158 of the New York Code, above partly quoted, is practically similar to section 5282 of our Code, and is identical, so far as quoted above. The reading of section 5282 and 5284 of our Code shows that these sections provide separate and distinct remedies available by motion when a pleading is not sufficiently definite to permit the adverse party to answer, reply, or prepare for trial without a statement of additional facts, or an amendment to the pleading, so far as its allegations are concerned. If the nature of the cause of action is uncertain, it must be made certain by amendment of the pleading. If facts or circumstances of time or place are stated generally or indefinitely, the claim of either party may be particularized by

furnishing a bill of particulars of the facts.    But  the  pleading
stands unchanged.   Each remedy is distinct, and applies in its own
sphere as laid down by these sections.   The remedies are not inter-
changeable.    If one is prayed for, the other cannot be properly
granted.    In *Rouget* v. *Haight,* 57 Hun. 119, 10 N. Y. Supp. 751,
the court said: "The purchase and sales alleged to have been made
under the agreement are not stated in detail, but nevertheless the
cause of action is stated with sufficient definiteness to make apparent
what the defendant claims.    It is stated generally, it is true, and
in such a mode as to show that there are items constituting it.    That,
however, does not give the right to the remedy which may some-
times be invoked of making the averment more definite and certain.
It can only be sought when the allegations are so indefinite that
the precise nature of the charge or defense is not apparent.    Here
there is no doubt of the nature of the defense.    The plaintiff is not,
however, remediless, inasmuch as he may ask for the particulars
and obtain them."    See, also, *Jackman* v. *Lord* (Sup.) 9 N. Y.
Supp. 200; *Lowenthal* v. *Phila. Rubber Co.* (Sup.) 18 N. Y. Supp.
523; *Tilton* v. *Beecher, supra; Barney* v. *Hartford,* 73 Wis. 95, 40
N. W. 581.

It therefore follows that defendant's remedy was not by motion
to make the complaint definite and certain.    The order is affirmed.
All concur.