MORFORD, Respondent, v. PYLE, Secretary of State, Appellant.

(215 N. W. 690.)

(File No. 6605.  Opinion filed October 22, 1927.)

1. **Appeal and Error—Order Denying Application to Make Complaint More Definite Is Not Appealable (Rev. Code 1919, § 3168, subd. 4).**

   Order denying application to have complaint made more definite and certain is not appealable as an order involving merits of action or some part thereof, within meaning of Rev. Code 1919, § 3168, subd. 4.

2. **Appeal and Error—Supreme Court Could Not Fix Time for Answer After Dismissing Appeal from Order Denying Application to Make Complaint More Definite.**

   Where appeal from an order denying application to have complaint made more definite was dismissed, Supreme Court was not authorized by record to make order fixing time wherein defendant might answer in court below.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 203, 3 C. J. Secs. 264, 315; (2) Key-No. 802, 4 C. J. Sec. 2434.

On motions to make pleadings definite, see Bancroft's Code Pleading, Vol. 1, pg. 936.

Appeal from Circuit Court, Hughes County; Hon. John F. Hughes, Judge.

Action by Emory E. Morford against Gladys Pyle, as Secretary of State. Application by defendant for an order requiring plaintiff to make his complaint more definite and certain was granted in part, and denied in part, and defendant appeals. On plaintiff's motion to dismiss appeal. Appeal dismissed.

*Buell F. Jones,* Attorney General, *B. J. Mintener,* Assistant Attorney General, *M. Q. Sharpe* and *A. C. Miller,* both of Kennebec, and *Fuller & Robinson,* of Pierre, for Appellant.

*Martens & Goldsmith,* of Pierre, for Respondent.

CAMPBELL, P. J. Defendant moved the court below for an order requiring plaintiff to make his complaint more definite and certain, which application was granted in part and denied in part. From so much of the order as denies defendant's motion to make the complaint more definite and certain defendant has appealed, and the matter is now before us pursuant to order to

show cause upon the motion of respondent to dismiss the appeal for that the order sought to be appealed from is not appealable.

Appellant concedes that the right of appeal from any interlocutory order is purely statutory and that this order is not appealable unless it comes within the purview of section 3168, Revised Code 1919, and contends that the same is appealable under subdivision 4 of said section, which permits an appeal from an order "when it involves the merits of an action or some part thereof." The precise question, therefore, is whether or not an order denying an application to have a complaint made more definite and certain is appealable as an order involving the merits of the action or some part thereof, within the meaning of subdivision 4, section 3168, Code 1919.

This court has not previously considered or passed squarely upon this question, and the authorities under similar statutes seem to be somewhat in conflict. In Wisconsin, whence our statute with reference to appealable orders was derived (see Mitchell National Bank v. Jones, 51 S. D. 202, 212 N. W. 919, at 921), the section of the statute corresponding to the one now under consideration was stricken out by amendment by chapter 212, Laws 1895, so that Wisconsin decisions subsequent to the taking effect of that amendatory act throw no light upon the question. Previously, however, the Wisconsin court, under a statute then the same as ours in this particular (Rev. State. Wisconsin 1878, § 3069), seems to have taken the anomalous position that such orders were appealable or not according to whether or not the trial court had abused its discretion in the making thereof. It appears to have been held that if in the opinion of the appellate court the trial court had abused its discretion the order was appealable and would be reversed; if, on the other hand, the appellate court thought that the trial court had not abused its discretion, instead of affirming the order, it would be held that the order was not appealable and the appeal would be dismissed. See Jones v. Walker (1867), 22 Wis. 220; Freeman v. Transportation Co. (1875), 36 Wis. 571; McCarville v. Boyle (1895), 89 Wis. 651, 62 N. W. 517; Adamson v. Raymer (1896), 94 Wis. 243, 68 N. W. 1000; O'Connell v. Smith (1898), 101 Wis. 68, 76 N. W. 1116.

In our sister state of North Dakota, under a statute identical with ours in this particular (subdivision 4, § 5626, R. C. 1899;

subdivision 4, § 7841, Comp. Laws 1913; providing that an appeal will lie from an order "when it involves the merits of an action or some part thereof"), the court appears to have considered the matter but once and then left the opinion expressing doubt as to whether the order was appealable, but stating that since the question of appealability had not been raised nor argued the matter would be considered on the merits "without committing ourselves to the view that such an order is appealable." Johnson v. Great Northern R. R. (1903), 12 N. D. 420, 97 N. W. 546. Twelve years later the matter seems still to be in this unsettled condition in North Dakota (see Stimson v. Stimson [1915], 30 N. D. 78, 152 N. W. 132), and we do not find that it has been subsequently determined.

In Iowa, under a very similar statute (Code 1873, § 3164; Code 1897, § 4101; Code 1924, § 12823, subd. 4; providing that appeal will lie from "an intermediate order involving the merits or materially affecting the final decision"), it has been determined that such an order is appealable. Northwestern Trading Co. v. Western Live Stock Insurance Co. (1917), 180 Iowa 878, 163 N. W. 350. The opinion apparently proceeds upon the proposition that there was a long line of cases in Iowa holding that any error in overruling a motion to make more specific was waived by answering, and therefore, if the order itself was not treated as appealable, error therein committed could never be reviewed.

In Kansas, under a similar statute (Rev. Stat. 1923, § 60—3302, subd. 3, providing for appeal from "an order that involves the merits of an action or some part thereof"), it is held that such an order does not involve the merits and is not appealable. Birch v. Solomon National Bank (1926), 121 Kan. 333, 246 P. 688.

In Minnesota, under a similar statute (Gen. Stat. 1923, § 9498, subd. 3, providing for appeal "from an order involving the merits of the action or some part thereof"), it was first held that such an order was appealable. Pugh v. Winona, etc., R. R. Co. (1882), 29 Minn. 390, 13 N. W. 189. But this holding was questioned in Van Zandt v. Wood Co. (1893), 54 Minn. 202, 55 N. W. 863; disapproved in American Book Co. v. Kingdom Publishing Co. (1898), 71 Minn. 363, 73 N. W. 1089; and expressly overruled in State v. O'Brien (1901), 83 Minn. 6, 85 N. W. 1135, which latter cases have the approval of the court in Baer v. Wa-

seca Milling Co. (1919), 143 Minn. 483, 171 N. W. 767, 173 N.
W. 401.

In Sando v. Roberts County (1916), 36 S. D. 556, 156 N. W.
64, this court considered upon an appeal and affirmed an order,
the effect of which, in part at least, was to deny an application
that a complaint be made more definite and certain. In that case
the defendant made such an application and upon the hearing the
trial court in effect denied that application, and of its own motion
ordered that the complaint be changed and amended by adding
another individual as party plaintiff, and that the defendant an-
swer or demur to said complaint as so amended, and from that
entire order the appeal was taken. The question of appealability
of the order was not argued or discussed, and we do not believe
that case stands as a precedent for the proposition that an order,
which, without more, denies an application to have a complaint
made more definite and certain is appealable.

[1] It is sound policy to discourage litigation piecemeal. We
believe the weight of authority and the better reasoning support
the view that an order denying an application to have a complaint
made more definite and certain is not appealable under a statute
such as ours, and we think no prejudice will result to parties de-
fendant from so holding, and accordingly the appeal will be dis-
missed.

[2] Appellant requested upon the oral argument that in the
event the appeal be dismissed this court make an order fixing the
time wherein he might answer in the court below. This is not a
matter with which we have to do so far as appears from the rec-
ord before us. See Davison County v. Watertown Tile & Con-
struction Co.; 48 S. D. 24, 201 N. W. 1005.

A judgment of dismissal will be entered.

GATES, SHERWOOD, and BURCH, JJ., concur.
POLLEY, J., not sitting.