[File No. 6714.]

JANE MANN PICKETT, Appellant, v. P. G. WICK and Minnie Wick, Respondents.

(296 N. W. 924.)

Opinion filed February 25, 1941.   Rehearing denied March 26, 1941.

*Murray & Murray,* for appellant.

*V. H. Crane* and *R. J. Bloedau,* for respondents.

BURR, Ch. J. In 1938 the plaintiff commenced an action to cancel a contract for the purchase of real property, consisting of hotel buildings and the necessary real estate therefor. A trial was had, and on August 16, 1939, findings of fact were made and entered.

Upon such findings, the court made conclusions of law as follows:

"1. That the plaintiff is entitled to the judgment of this court cancelling the contract as prayed for in her complaint.

"2. That the defendants are entitled to and are hereby granted, one year from the date of entry of judgment hereon in which to make redemption, upon the following conditions:

"a. That the defendants pay the 1934 tax levied and assessed against the premises involved herein, and all prior years, by the first day of September, 1939, and the 1935 tax by June 1, 1940.

"b. That the defendants keep said premises insured according to the terms of said contract.

"c. That the defendants pay to the plaintiff monthly the sum of $75, beginning with the 1st day of September, 1939. In case of redemption the payments are to be applied on the purchase price and interest.

"d. That the defendants commit no waste.

"In the event of appeal from the judgment entered hereon, or should the plaintiff refuse to accept the payments provided to be made, then the payments to be made the plaintiff to be deposited in the bank at Mott, N. D., in the name of the plaintiff.

"Should the defendant fail to perform any of the conditions herein set out for a period of ten days after the time fixed for such payment, then the plaintiff may apply to the court for an order permitting the entry of Judgment for the cancellation of said contract."

Judgment was entered accordingly, and no appeal was taken therefrom.

On July 22, 1940, defendant served upon the plaintiff a notice of motion "for an order extending the time of redemption as provided in the judgment and decree entered in this action, and for a further stay of execution on such judgment and decree until the 1st day of July, 1941."

This matter came on for hearing before the district court on August 5, 1940. At that time the plaintiff appeared and objected to the consideration of this motion on the ground the court had no jurisdiction to entertain the motion, claiming the "Judgment had become final in that more than six months had expired since the service of the Notice of Entry of Judgment."

The district court overruled the objection, and, after hearing, extended the time of redemption until July 1, 1941, under certain conditions set forth in the order.

The plaintiff appealed from this action of the court on the grounds:

"1. That the court had no jurisdiction to make or enter such amended Judgment in that the original Judgment of the case had become final for the reason that more than six months had expired since the service of Notice of Entry of Judgment on the Defendants.

"2. That the Defendants did not bring themselves within the purview of section three, Chapter 165, Laws of 1939, or any part of said chapter in that that chapter does not empower the Court to modify a Judgment for the cancellation of contract in any event. Furthermore, that chapter only empowers the Court to modify a Judgment during the period the Court has jurisdiction of the action; That here the Court had lost jurisdiction in that the Judgment had become final.

"3. Section 3 of Chapter 165, Laws of 1939, only empowers the Court to stay execution on a Judgment for the cancellation of contract and only empowers the Court to do so while the Court has jurisdiction of the action and only empowers the Court to do so on the vendee making a certain showing, which showing the Defendants have not made here.

"4. Said Chapter 165, Laws of 1939, must be construed so that it applies to contracts made subsequent thereto, otherwise, it would be unconstitutional because it practically wipes out any substantial remedy the vendor has, thereby impairing her contract."

This chapter 165, as we pointed out in Peterson v. Points, 67 N. D.

631, 634, 275 N. W. 867, 869, regarding a similar statute, was enacted for the purpose of providing "a more speedy review of cases arising under the moratorium act than would have been available had provision been made for an appeal" and "indicates an intention to permit a more comprehensive consideration in the appellate court of cases arising under this act than that already available in certiorari proceedings."

Whether the order of the district court, made under the provisions involved here, is appealable is a doubtful question. However, no motion to dismiss the appeal was made by defendants, nor is the appealability of the order argued by them; and following the rule laid down in Johnson v. Great Northern R. Co. 12 N. D. 420, 422, 97 N. W. 546, "The question of the appealability of the order not having been raised or argued by respondent, and in view of the doubt involved as to the construction to be given . . . and in view of the importance of this question . . . and inasmuch as the order appealed from must be affirmed in any event, we have deemed it best to dispose of the question presented, on the merits, without committing ourselves to the view that such an order is appealable, should the question be directly raised in another case in the future."

This chap. 165 provides: "When any judgment has been entered for the cancellation of a contract for the sale of real estate . . . the court having jurisdiction thereof shall, at the request of any party to the action, cause notice of hearing . . . to show cause, if any they have, why a stay of execution should not be granted. Before granting such request . . . the court having jurisdiction thereof shall receive any competent evidence of the reasonable rental value of said property, taxes levied and assessed. . . ." (§ 3.)

The trial court entered such an order staying execution for a time certain after hearing for such purpose.

Section 5 provides: "Where any mortgage or other lien upon real estate has been foreclosed and the period of redemption has not yet expired . . . the period of redemption may be extended for such additional time as the court may deem just and equitable, but in no event beyond July 1, 1941; or *where stay of execution has been granted against the cancellation of a contract* or the ejectment of a tenant

from premises, for such additional time as the court may deem just and equitable, but in no event beyond July 1, 1941."

No real serious question is raised as to the proper exercise of discretion by the court upon the evidence that was taken at this second hearing, the main objection being loss of jurisdiction to make such extension order. However, we later refer to alleged deficiency in the showing made by the debtor.

The trial court entering judgment for the cancellation of the contract under the terms set forth in its judgment and staying execution thereof is the court having jurisdiction of such proceedings. Under the provisions of chap. 165 of the Session Laws of 1939, the court empowered to fix terms under which the cancellation is stayed, the debtor permitted to redeem, and to specify the period of redemption, is the court empowered to grant an extension of said time upon a proper showing at any time within the period fixed for redemption.

The mere fact that no appeal was taken from the judgment did not divest the trial court of jurisdiction to hear an application for extension of time under the provisions of this chapter. The court under this act retains such jurisdiction, and retains the power to vary the terms and manner of redemption, provided the debtors apply within the period set for redemption. The application was made within the period of redemption fixed by the court. It was heard within that period, and the court, in the exercise of its discretion, decided to grant a further extension within the limits prescribed by statute.

This appeals attacks the power of the court to make such second extension. Clearly, the court had jurisdiction so to do.

The brief on appeal refers to alleged deficiencies in the showing made by the debtor, but this is not stressed seriously, nor is the constitutionality of the act argued, no provision of the constitution being called to our attention showing lack of power in the trial court.

The record certified to this court on the appeal shows that at the hearing on this motion testimony was taken, and in the testimony the debtor showed that he kept the insurance policies on the buildings in force; had rented part of the building; the rent he was getting; that he was using the rest of the building as a hotel; and that he used this income to improve the property. The trial court was satisfied with the showing made of the reasonable rental value and of the rea-

sonable income from the property; and appellant nowhere points out wherein the evidence is not sufficient to justify the discretion exercised by the court. The only objections offered at the time of hearing were based solely on the contention the court had no jurisdiction to entertain the motion because the time for appeal had expired.

Section 5 of the act permits the debtor in the action for cancellation of a land contract to "apply to the court having jurisdiction of the matter . . . for an order determining the reasonable value of the income of said property, or if the property has no income then the reasonable rental value of the property involved in such . . . cancellation . . . and directing and requiring such . . . debtor to pay all or a reasonable part of such income or rental value . . . at such time and in such manner as shall be fixed and determined and ordered by the court. . . ."

It further provides that the court shall hear the application, "and after such hearing shall make and file its order directing the payment by such . . . judgment debtor of such an amount, at such times and in such manner as to the court shall, under all circumstances, appear just and equitable, and . . . that the running of the period of redemption shall be tolled until the court shall make its order upon such application."

This latter order is to be made after the court hears all of the testimony, and the order appealed from is such an order; that is, it is the order made by the court after hearing all of the testimony. Nowhere on this appeal is it shown to us wherein the order is not justified by the testimony. The objection thereto appears to be based on the ground that the court has not in this latter order set forth in specific terms the reasonable rental value of the property or "the reasonable value of the income of said property." The record does not show that appellant made any request for the insertion of such matter—in fact, it is quite clear the main, if not the only, ground really urged on appeal is the one of jurisdiction.

Appellant sums up her complaint by stating: "In any event, the judgment in question here does not comply with the provisions of § 5 because it does not fix the reasonable income of the property or require the Defendants to pay the reasonable income."

No appeal was taken from the judgment, and it cannot be attacked

now. The court fixed terms of payment thereunder, and these were accepted by the plaintiff. This order appealed from increases the amount of monthly payment to be made and amends the judgment in other particulars; but any defect in the judgment as claimed here was waived by failure to appeal. The order appealed from is affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.