HENRY C. WOLF and wife, Appellants, *vs.* BANNING & BUCKNELL, Respondents.*

In an action to foreclose a mortgage executed by husband and wife on the separate estate of the wife, the husband is a necessary and proper Defendant, both from his interest in the land, as husband, and his personal liability on the note to which the mortgage is collateral, for any deficiency that may remain after the sale.

* This case was decided at the December Term, 1858, and should have been reported in Vol. 2 of Min. Rep.

When husband and wife are joined as Defendants, it is his duty to appear and answer for himself and wife jointly; but if there is any reason why the wife should answer separately, permission can be obtained to do so, on application to the Court.

Where the action is between the wife and husband, she may prosecute or defend as if she were single. When she is Plaintiff in an action concerning her separate property, it is optional with her whether or not she will join her husband. She may sue alone; but if she joins him, then there is no necessity for a next friend; it is only " when her husband shall not be joined with her," that "she shall prosecute or defend by her next friend or guardian." When she is sued concerning her separate property, and her husband is not joined with her, which would be regular where the property is free from any interest or control of the husband, she must appear by next friend or guardian, and her husband may be appointed as such : if he is joined as Defendant, there is no necessity for any further guardian or next friend.

But if the action concerns the wife's separate estate, and her husband has been joined as Defendant, when there are reasons why he should not appear as the representative of her interests, the Court will permit them to sever in their defences, and appoint a next friend for the wife; but it is irregular for her to answer alone without leave of the Court, as the husband is presumed to be the proper person to guard her interests, until the contrary appears. And it is equally irregular to select a next friend without the approbation and appointment of the Court.

A married woman may pledge her separate estate to secure the debts of her husband, and become his surety; and she is entitled to the same rights and immunities as attach to the relation of principal and surety between strangers.

This was a motion to dismiss an appeal from an order of the District Court of Ramsey County. The action was brought to foreclose a mortgage executed by husband and wife upon the separate estate of the wife. The Defendants answered separately,—the wife by her next friend, one Oliver.

The Plaintiffs moved to strike out portions of the answer of the Defendant Henry C. Wolf, upon the ground of irrelevancy, &c., and also the answer of the Defendant Maria A. Wolf, because her next friend, Oliver, was not a party to the action, and her husband was a Defendant therein.

The motion was granted, and the Defendants were allowed ten days to answer jointly. From this order they take their appeal to this Court.

[The points and authorities of the Appellants are not on file.]

The following are the points and authorities relied upon by the Counsel for the Respondents :

*First.*—The appeal should be dismissed, because the order in this case is not appealable under the statute ; because the order was not a final judgment; because it was discretionary. *Sub.* 2, *Sec.* 11, *Chap* 81, *R. S., p.* 414 ; 14 *Mass.* 420 ; 7 *Pick.* 321, *cited in* 1st *U. S. Dig.* 169 ; *Hoyt vs. Brooke,* 10 *Conn.* 188 ; *Gray vs. Grundy,* 2 *J. J. Marsh.* 134 ; *Read vs. Robb,* 4 *Yerg.* 66, *cited in* 1st *U. S. Dig.* 169 ; *Latham vs. Bowen,* 3 *Hawks* 418 ; 1 *Har. & Gill.* 7, *cited in* 1st *U. S. Dig.* 169 ; *Evans vs.*

*Rogers*, 1 *Kelly*, 463; *Ballance vs. Centenius*, 3 *Gillman* 449; *Gordon vs. Douny*, 1 *Gill.* 41, *cited in 1st U. S. Annual Digest* (1847) 36; *State vs. Laum*, 3 *Hawks* 175; *Sneed vs. Lee*, 3 *Dev.* 364, *cited in 1st Vol. U. S. Digest*, 169.

*Second.*—The portions of the answer of H. C. Wolf stricken out were objectionable under our Code of Practice, and were evasive, uncertain, immaterial, argumentative, redundant and frivolous. *See 1st Monell's Practice.*

*Third.*—The answer of Maria A. Wolf was unauthorized and irregular, because she answered by a next friend; because she did not answer jointly with her husband, H. C. Wolf; because no leave had been granted to answer separately. *Amendments to R. S., Appendix, p.* 8; *1st Chitty's Pleadings (Ed.* 1837) *p.* 597; *Newcomb vs. Ketselcus*, 2 *Code R.* 152; *Leavitt vs. Cruger*, 1 *Paige* 421.

*Fourth.*—The proper remedy was to set aside or dismiss said answer on motion. *Robinson vs. Judd*, 9 *How. P. R.* 383.

*Fifth.*—The portions of said answer objected to should be stricken out as being evasive, uncertain, immaterial, argumentative, redundant, inconsistent and frivolous. *See Sec.* 2, *Chap.* 4, *R. S. page* 211; *Conde vs. Sheppard*, 4 *How. P. R.* 75.

JAMES SMITH, Jr., Counsel for Appellants.

HENRY J. HORN, Counsel for Respondents.

*By the Court*—FLANDRAU, J.—The action being an equitable one, the order is clearly appealable under section 74 of page 470 of the Revised Statutes.

The action being to foreclose a mortgage made by husband and wife on the separate estate of the wife, the husband was of course a necessary and proper party defendant, both from his interest in the land as husband, and his personal liability on the note to which the mortgage was collateral, for any deficiency that might remain after the sale.

When husband and wife are joined as defendants, it is his duty to appear and answer for himself and wife jointly. *Leavitt vs. Cruger and wife*, 1 *Paige, Ch. R.* 421; *XI How. Pr.*

*R. p.* 43; *Ferguson vs. Smith et al.*, 2 *John. Ch. R.* 139. But if there is any reason why the wife should answer separately, permission can be obtained to do so, on application to the Court for leave. 1 *Paige* 421, 2 *John. Ch. R.* 139, 2 *Maddock's Chancery* 269, 13 *Ves.* 266. "If a *feme covert* who is a defendant puts in an answer separately from her husband, without leave, the Court, will on motion, quash it." *Perine vs. Swaine et ux. and Dunn,* 1 *John. Ch. R.* 24.

The husband is the legal guardian and protector of the wife, and it is for the Court to judge of the sufficiency of the reasons for her answering separately, and not herself. There is no doubt of the propriety, as well as the establishment of this rule.

The Statute of this State providing for the appearance of the wife *R. S. p.* 333, *Sec.* 30, *as amended p. 8 of amendments of* 1852, is quite obscure, and while it remained the same in New York as it is now with us, it never received any satisfactory solution, but was interpreted to mean exactly opposite things by different Judges, 9 *How. Pr. R.* 266 *and* 466, until in 1857 the Legislature, by amendment, did away with the necessity of a next friend for a married woman in all cases. *Goodall vs. M'Adam and wife* 14 *How. Pr. R.* 385. Very little light can be obtained from that source, except such as may be collected from the reasons given for the several positions taken.

Our Statute is as follows:

" Sec. 30. When a married woman is a party, her husband must be joined with her, except that when the action concerns her separate property, she may sue alone; and when the action is between herself and her husband, she may sue or be sued alone. But when her husband shall not be joined with her, she shall prosecute or defend by her next friend or guardian except in actions between herself and husband."

It is evident that a next friend or guardian is intended to be made necessary in some instances in which the wife is a party, and that the husband shall stand in that relation in some cases, and that in others she may sue or be sued without the intervention of either. I will endeavor to analyze the section and classify its provisions.

There is but one instance in which a married woman can appear without either her husband or next friend, and that is when the action is between herself and her husband; in this case she appears, and prosecutes or defends as if she were single.

When she is Plaintiff in an action concerning her separate property, it is optional with her, whether or not she will join her husband; " she may sue alone;" but if she joins him, then there is no necessity for a next friend, because he is her legal guardian and protector, and it is only " when her husband shall not be joined with her," that "she shall prosecute or defend by her next friend or guardian;" if she does not join him she must have a next friend.

When the wife is sued in an action concerning her separate property, and the husband is not joined with her, which would be regular where the property is free from any interest or control of the husband, she must appear by next friend or guardian, and the husband may be appointed as such; if he is joined as defendant there is no necessity for any further guardian or next friend. But as in the case at bar, if the action concerns the separate estate of the wife, and the husband has been joined as defendant, when there are any reasons why the husband should not appear as the representative of the wife's interest, the Court will permit them to sever in their defences, and appoint a next friend for the wife; but it is irregular for the wife to answer alone without the leave of the Court, as the husband, until the contrary appears, is presumed to be the proper person to guard the interests of the wife in all cases; and it is equally irregular to select a next friend without the approbation and appointment of the Court.

It is unnecessary to determine whether the Court below decided correctly in striking out the several portions of the answer of the Defendant, Henry C. Wolf, as the several answers were irregular, and should have been quashed. So far as the decision of the Judge below goes it is correct. It should have dismissed both the answers, and either allowed the wife to make an application for leave to answer separately, or have heard such application on the motion, after de-

termining that the answers could not stand. As this Court is not in possession of the facts sufficiently to determine the propriety of allowing the husband to represent the wife, (although from the tenor of his answer it appears that he is desirous that her defence, if she has any, should obtain,) and as it seems that the Court below never acted directly upon an application to allow the wife to answer separately, we will not act upon this question, but send the case back to the Court below, granting the Defendant, Maria A. Wolf, permission to apply for leave to answer separately by a next friend.

A married woman may pledge her separate estate to secure the debts of her husband, and become his security, and she is entitled to the same rights and immunities as attach to the relation of principal and surety between strangers. If the Defendant, Maria A. Wolf, has any defence, she should have an opportunity of properly laying it before the Court. *Niemcewich vs. Gahn*, 3 *Paige Ch. R.* 514; 2 *Story's Eqr. Jur.*, Sec. 1373, *and cases cited;* 1 *Maddock's Chancery* 585.

The order is so modified that the Defendants may apply to the District Court for leave to answer separately within twenty days after service upon them of the order to be entered on this decision, on the payment of ten dollars costs of the proceedings in this Court to the Plaintiffs' Attorney.