FRANCIS McMANN v. SARAH A. WESTCOTT AND BENJAMIN F. WESTCOTT.

*Final order—Striking bill from files—Correction of mortgage description by substitution of amended mortgage.*

An order striking a bill in equity from the files is final and appealable.

Striking a bill in equity from the files is not the proper way to raise an objection to the substance of the bill or to correct the error.

A mortgage containing an erroneous description having been replaced by one describing the premises correctly, the mortgagee sought to foreclose it against a subsequent purchaser, but, by mistake, gave his solicitor the original instead of the corrected mortgage, and the solicitor filed a bill to correct the description and foreclose. Defendant answered, admitting his purchase under the mortgage but averring that the mortgage had been fully paid and discharged. Complainant explained his mistake in an affidavit, and filed an amended bill setting up the new mortgage and asking for its foreclosure. The court struck the amended bill from the files. *Held* error. Complainant was entitled to amend, and defendant having admitted the pur-

47 MICH.—12

chase subject to the mortgage was not in position to object. The second mortgage could properly be construed as given to correct the mistake in the first without destroying the identity of the debt, and to bring out the real equity which defendant must have known was the cause of action.

Appeal from Saginaw. Submitted Oct. 18. Decided Oct. 26.

FORECLOSURE. Complainant appeals. Reversed.

*Albert Trask* for complainant. Amendments to bills in equity should be liberally allowed in furtherance of justice: *Cooke v. Spears* 2 Cal. 409; *Stearns v. Martin* 4 Cal. 227; *McMillan v. Dana* 18 Cal. 339; *Pierson v. McCahill* 22 Cal. 127; *Lottman v. Barnett* 62 Mo. 159; *Wilhelm's Appeal* 79 Penn. St. 120; *Bussey v. Rothschild* 27 La. Ann. 316; *Slater v. Breese* 36 Mich. 77; *Munch v. Shabel* 37 Mich. 166; *Anderson v. Anderson* 4 Me. 100; *Corning v. Stebbins* 1 Barb. Ch. 589; *Hall v. Fisher* 3 Barb. Ch. 637; *Buckley v. Corse* 1 N. J. Eq. 509; *Brown v. Van Dyke* 8 N. J. Eq. 795; *Van Riper v. Claxton* 9 N. J. Eq. 302; *Seymour v. Long Dock Co.* 17 N. J. Eq. 169; *Armstrong v. Ross* 20 N. J. Eq. 109; an order striking a bill in equity from the files is appealable: *Webster v. Hitchcock* 11 Mich. 56.

*Wood & Joslin* for defendant Benj. F. Westcott. An order striking an amended bill from the files is not appealable: *Kingsbury v. Kingsbury* 20 Mich. 212; *Maxfield v. Freeman* 39 Mich. 64; *Blackwood v. Van Vleet* 10 Mich. 398; *Bennett v. Nichols* 12 Mich. 21; *Barry v. Briggs* 22 Mich. 201; *Perkins v. Keating* 28 Mich. 269; the order is discretionary: 1 Barb. Ch. Pr. (2d ed.) 206; 2 Dan. Ch. Pr. (4th ed.) 1462; an appealable order disposes of the whole or a portion of the subject matter: *Taylor v. Sweet* 40 Mich. 739; amendments to a bill in equity can be granted only where the bill is defective in parties, or in the prayer, or in an omission or mistake as to a fact connected with its substance but not repugnant: Adams Eq. 717; *Verplanck*

*v. Insurance Co.* 1 Edw. Ch. 47; *Coal Co. v. Dyett* 2 Edw. Ch. 115; *Pratt v. Bacon* 10 Pick. 127; *Stevens v. Brooks* 23 Wis. 199.

GRAVES, J. December 11, 1880, McMann filed his bill for the purpose of correcting an error he claimed to have been made in describing the land in a mortgage and further to obtain foreclosure of the mortgage when corrected. The bill alleged that the mortgage was given by the defendant Sarah to one Woodruff, August 15, 1875, to secure a note of $100 payable in a year with interest at ten per cent., and that the land intended to be mortgaged is the southwest quarter of the northwest quarter of the northwest quarter of section seventeen in town twelve north, of range four east, and that by mistake of one word the description covered the southeast quarter of the northwest quarter of the northwest quarter of the section. That in 1879 the mortgagor, who had no interest in the premises actually described, granted to the other defendant the land intended to have been mortgaged as above mentioned, and that he actually purchased subject to the mortgage and agreed to pay it. That complainant purchased the note and mortgage and held them ready to be produced.

January 20, 1881, the defendant Benjamin F. Wescott filed his answer. He admitted the execution and delivery of the note and mortgage and the assignment to complainant and that the defendant Sarah on the 9th of December, 1880, conveyed to him, said Benjamin F., the land the complainant claims was intended to have been described in the mortgage and that he acquired the premises subject to the mortgage and agreed to pay it. He then set up that he neither admitted nor denied that the defendant Sarah intended to give a lien on the land conveyed to him and by mistake described the parcel actually specified in the mortgage and in which she had no interest, and he averred that the note and mortgage were fully paid, satisfied and discharged before complainant exhibited his bill, and should of right have been delivered up to the maker at the time of such discharge.

February 12, 1881, the complainant filed an amended bill
setting up that on March 14th, 1877, the said Sarah gave com-
plainant a new note, and a new mortgage with an accurate
description and that these papers were made for the very
purpose of correcting the error in the original mortgage,
and that such second mortgage was duly recorded on the
day of its date.   The allegation that the defendant Benja-
min purchased subject to the mortgage and agreed to pay
it was repeated.   It was also alleged that the new note was
given for $100 and accrued interest, being $16.36, and was
made to draw interest at ten per cent. and that the mortgage
provided that defendant Sarah should pay complainant $25
as a reasonable solicitor's fee over and above all legal costs
and that by filing the bill complainant had become entitled
to that sum in addition to the principal and interest provided
for by the note.   The new obligations were made payable
one day after date and the new bill counted on them exclu-
sively and not on the old ones, and omitted all claim to have
correction of the original mortgage.

March 8, 1881, the court on defendants' motion struck the
amended bill from the files with costs, and the present appeal
is against that order.

The ground of this action by the court is not apparent.
No irregularity is shown in the method taken to place the
bill on file, nor does it contain anything to authorize such
practice.   The complainant explained by affidavit how it
happened that the original bill proceeded on the first mort-
gage.   He stated that it was owing to his mistake in giving
to his solicitor the first instead of the second at the time of
deciding to have proceedings instituted.

The first position in defence of the order is that it was a
matter of practice only in the court below and governed by
discretion, and therefore not reviewable by appeal.

We think complainant was entitled to cure his mistake and
correct his case by amendment, and that the defendant Ben-
jamin who had already admitted that his purchase was made
subject to the old mortgage, and that he had agreed to pay
the debt, was in no position to justify the objection taken,

and the order made was a final denial of complainant's right and appealable.   *Webster v. Hitchcock* 11 Mich. 56.

The point that the second bill in substance presented a new case and hence was not a proper one by way of amendment is more apparent than real.   The second mortgage for the present purpose must be allowed to have been given to correct the mistake in the first without destroying the identity of the debt, and *prima facie* the different securities were associated incidents of one transaction.   The legitimate effect of filing the last bill was to bring forward the real equity of complainant which by mistake had been left out, and which equity the defendant must have known to be the actual cause of action.   If the matter of the new bill was deemed open to objection the practice adopted was not the way to raise the question or correct the error.   It was in the power of the court to protect the defendant in all his rights without driving the complainant out of court by expunging his pleading from the files.

The order appealed from is reversed with costs and the case is remanded for further proceedings.

The other Justices concurred.