NISCHKE, Respondent, vs. WIRTH, Appellant.    [Two Cases.]

*April 14 — May 15, 1886.*

*Pleading: Motion to make more definite.*

1. After having gone to trial on the pleadings, it is too late to make a motion to have a pleading made more definite and certain.
2. The notice of motion and the order to make a pleading more definite and certain should state in what particulars amendment is necessary.

APPEALS from the County Court of *Dodge* County.

Actions of replevin. The facts are stated in the opinion.

For the appellant there were briefs by *Elihu Colman,* and oral argument by *G. E. Sutherland.* To the point that the notice of motion should have specified wherein the answer should be made more definite and certain, they cited 2 Wait's Pr. 487; 4 id. 596; *Bryant v. Bryant,* 2 Rob. (N. Y.), 612; *Benedict v. Dake,* 6 How. Pr. 352; *Blake v. Eldred,* 18 id. 240; *Rathbun v. Markham,* 43 id. 271; *Gilmore v. Norton,* 10 Kan. 491; *Ellis v. Jones,* 6 How. Pr. 296; *Bellinger v. Martindale,* 8 id. 113; *Shear v. Hart,* 3 id. 74.

[No brief or argument for the respondent.]

TAYLOR, J. In this case the defendant and appellant appeals from an order, made by the county court of Dodge county in each case, requiring the defendant to make his answer more definite and certain. The orders appealed from read as follows: "It is hereby ordered that said defendant make the second count of his answer more definite and certain; and that said defendant pay the plaintiff $10 costs of this motion; and that said defendant have twenty days from the date of the service of this order on his attorney within which to comply with the terms of this order; and that meanwhile all further proceedings upon the part of the defendant be stayed, except such proceedings as are incident to an appeal from this order."

These actions were commenced in justice's court, and the answers which were ordered to be made more definite and certain were filed in the justice's court. The actions were tried in justice's court, and judgment rendered in favor of the defendant. The plaintiff appealed to the county court, and on June 17, 1885, they were tried in the county court, and verdicts were rendered in favor of the defendant in that court. The county court set aside the verdicts, and granted a new trial. On November 12, 1885, the defendant noticed the cases for trial again at the December term of said court, and thereupon, and on the 18th of November, 1885, the plaintiff served notice upon the defendant in each case, of which the following is a copy:

"Take notice that upon the records, proceedings, pleadings, papers, and files, and more especially upon the answer of the defendant herein, the plaintiff will move the court, on the 1st day of December, 1885, at the opening of the court on that day, or as soon thereafter as counsel can be heard, at the court house in Juneau, in said county, for an order requiring the defendant to make his answer more definite and certain." Upon this motion the court made the orders from which the appeals in these actions are taken.

It is insisted by the learned counsel for the appellant that the court erred in granting these motions for the following reasons: (1) It was too late to make a motion to make the pleadings more definite and certain after having twice gone to trial upon the pleadings; (2) that the motion should have pointed out the defect, if any, in the answer, and specified in what particulars the pleading was indefinite and uncertain and as to what matters it should have been made more definite and certain; (3) that the order is erroneous in not directing in what respect the answer should be made more definite and certain.

The motion to make a pleading more definite and certain

is made the substitute by the Code for the special demurrer under the old rules of pleading, and it is too late, therefore, to make such motion after going to trial upon the pleadings. There would seem to be no good reason for such a motion after two trials in the action. The plaintiff must have been informed by the trials already had as to the grounds of the defendant's defense, and he could not be aided by inserting the particulars of such defense in the defendant's answer.

We are also clearly of the opinion that the notice of the motion, as well as the orders, were erroneous in not pointing out in what respect the answers should be amended so as to make them more definite and certain. Should the defendant undertake to amend his answer, the new answer would be subject to another motion if it did not comply with what the counsel for the plaintiff and the court supposed was necessary to make it sufficiently certain. The objections taken by the learned counsel for the appellant to the motion and orders, we think, are well taken, and are supported by the practice in other courts. See 2 Wait's Pr. 487; *Rathbun v. Markham*, 43 How. Pr. 271; *Gilmore v. Norton*, 10 Kan. 491; Circuit Court Rules, XI, sec. 1; and other cases cited in the brief for the appellants.

Had the order in this case directed in what particular the answer should be amended, and it had appeared from the papers in the case that they could have been so amended in accordance with the facts, and the motion had been made in time, and perhaps though made out of time, this court would have dismissed the appeals as not involving in any way the merits of the action, or any substantial right of the defendant, as was done in the case of *Lusk v. Galloway*, 52 Wis. 164. But in this case we cannot see, from the papers or order, what particular amendment will satisfy the requirements of the order, nor that it is in the power of

the defendant to so amend his answers as to satisfy the court.

*By the Court.*— The order of the county court in each case is reversed, and the causes are remanded for further proceedings.