DONALLAN v. TANNAGE PATENT CO.

(Circuit Court of Appeals, First Circuit. March 13, 1897.)

No. 189.

APPEAL—DISMISSAL ON APPELLANT'S MOTION.

An appellant cannot of right dismiss his own appeal; and, when an appeal is dismissed on his motion, he is not entitled, in the absence of special equitable considerations, to have the order expressed to be without prejudice; but where an appeal from an interlocutory order granting a preliminary injunction was so dismissed, the order may state the fact that the dismissal was before any hearing on the merits.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by the Tannage Patent Company against John E. Donallan for infringement of letters patent No. 291,784 and 291,785, for a process of tanning leather. The circuit court made an order granting a preliminary injunction (75 Fed. 287), and the defendant appealed. The cause was heard on appellant's motion to dismiss its appeal without prejudice.

Geo. L. Roberts, James H. Lange, and W. Orison Underwood, for appellant.

Frederick P. Fish and Wm. K. Richardson, for appellee.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PUTNAM, Circuit Judge. This is an appeal from an interlocutory order or decree granting a preliminary injunction. The appellant files the following motion:

"Now comes the original defendant in the above cause, the appellant before this court, and moves that the appeal taken by him from the interlocutory order or decree of the circuit court, granting a preliminary injunction, be dismissed, without prejudice to any proceedings in the circuit court, or to the right of the defendant to take any subsequent appeal, and without prejudice to the questions which may be raised by such subsequent appeal if lawfully taken, but with costs of the appeal to the appellee."

The appellee does not object to the dismissal of the appeal, but it does object to the qualifying expressions asked for.

An appellant cannot as of right dismiss his own appeal. U. S. v. Minnesota & N. W. R. Co., 18 How. 241, 242. That ordinarily, on a dismissal on his own motion, the appellant is not entitled to an order expressed without prejudice, follows from what is said in the case cited, at page 242, that usually the court will not allow such a dismissal if the appellant intends at some future time to bring another appeal. How very cautious the supreme court usually is to shut out presumptions of any qualification in connection with such orders appears from U. S. v. Griffith, 141 U. S. 212, 11 Sup. Ct. 1005.

Where, after a hearing, a cause is disposed of by the court on appeal, for some reason not touching the merits, it is now well settled that the judgment should usually show that it is without prejudice. So, on his own motion to dismiss, an appellant may

sometimes show inadvertence or mistake or some other special reason which may entitle him to equitable consideration and a special order. But we have no suggestion of any such exceptional matter here. We have no judicial knowledge of anything except what we have stated, and that there has been no hearing by us on the merits. Whether, under our expressions in Gamewell Fire-Alarm Telegraph Co. v. Municipal Signal Co., 9 C. C. A. 450, 61 Fed. 208, 209, and in Marden v. Manufacturing Co., 15 C. C. A. 26, 67 Fed. 809, the appellant is not, in any event, sure of all he desires to reserve, is for him to consider. As he moves to dismiss his appeal of his own volition, we have no occasion whatever to aid him, under the circumstances of the case, either by any special order, or by any expressions of opinion. We will therefore adopt the usual order entered on these motions in the supreme court and here, adding to it sufficient to advise the circuit court of what appears on our records, that there has been no hearing on the merits of this appeal. On the motion of the appellant, and before any hearing on the merits, it is ordered that this appeal be dismissed, with the costs of this court for the appellee, and that a mandate issue forthwith.