KATHERINE MAST v. GEORGE WELLS, Appellant.

**Foreclosure Sale:** ACTION FOR REDEMPTION: *Defenses.* In a suit to require defendant to apply money received by him from complainant to the redemption of land from foreclosure sale, and to

enforce a reconveyance, an allegation in the answer that defendant had purchased a sheriff's certificate of sale under foreclosure of a subsequent mortgage is relevant and material, as stating a substantive and independent defense to plaintiff's right of action.

RELEVANT DEFENSES. Defendant may also state what he paid for the certificate, and that the subsequent mortgagee had transferred to him all his rights under the mortgage, so that he may be credited by the amount of such payment, in case the certificate is adjudged to be void.

Motion to Strike: AFFIDAVITS: *Practice.* Code, section 3630, providing that, if the reason for an application to make a pleading more specific exists outside the pleadings, the motion must state the same, and be supported by affidavit, does not authorize an affidavit in support of a motion to strike out allegations of a pleading as redundant and immaterial.

Appealable Order: STRIKING PART OF PLEADING. An order striking out material and relevant portions of an answer stating an independent and substantive defense is "an intermediate order involving the merits or materially affecting the final decision," within Code, section 4101, allowing an appeal from such an order.

*Appeal from Emmet District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, DECEMBER 16, 1899.

ACTION in equity for an accounting, for the application of money alleged to be in the hands of the defendant to the redemption of real property from sheriff's sale, and for a reconveyance of the property to the plaintiff. From an order sustaining a motion of the plaintiff to strike portions of the answer, the defendant appeals.—*Reversed.*

*A. N. Wood* and *Boies & Boies,* for appellant.

*Soper, Allen & Penn* and *Baker & Ball,* for appellee.

ROBINSON, C. J.—The petition alleges that in October, 1891, Chris. C. Shuler, who was then the owner of twenty-three tracts of land in Emmet county, containing about one thousand six hundred and thirty-eight acres, conveyed by a warranty deed three of the tracts to the plaintiff; that

at the time of the conveyance all of the tracts were subject to a mortgage thereon, executed to secure the payment of a promissory note for five thousand dollars, payable to George H. Wisner on the twenty-first day of September, 1894, together with interest at the rate of seven per cent. per annum; that at the April term, 1894, of the district court of Hardin county, the defendant, then being the holder of the note and mortgage, commenced an action to recover the amount due on the note, and to foreclose the mortgage, and made the plaintiff and her husband parties to the action; that the plaintiff filed a pleading in that action asking that the amount of the mortgage debt be equitably apportioned, and that the land conveyed to her be subjected only to such an amount of the debt as would be equitable, and the court, in pursuance of that plea, apportioned the debt, and decreed that the amount to be apportioned to the land of the plaintiff should be only four hundred and thirty-three dollars and twenty-six cents; and there was a decree of foreclosure and of apportionment, and for a special execution; that the plaintiff then proposed to the defendant that he refrain from selling her land for the amount apportioned to it, and that she would raise the money required, and soon pay that amount, but the defendant stated that all of the land covered by the decree of foreclosure would have to be sold, but that after the sale they could and would settle and adjust the amount apportioned to the land of the plaintiff, so that she would not lose the land; that, relying upon that promise, the plaintiff made no immediate effort to pay the sum apportion to her land, and on the fifteenth day of June, 1894, it was sold to the defendant, under an execution issued by virtue of the decree, for the sum of four hundred and fifty-one dollars and eighty-three cents, and a sheriff's certificate of sale was issued to him; that there was a large amount of dealing between the plaintiff, her husband, and the defendant, both before and after the sheriff's sale, and the plaintiff, by her husband, paid to the defendant, before the period

of redemption from the sale had expired, large sums of money, to be applied in redeeming the land from the sale, and that at the expiration of one year from the date of sale there was in the hands of the defendant money, which he had no authority to appropriate to any other use, more than enough to redeem the land from the sale; that, notwithstanding what was thus done, the defendant retained the plaintiff's money, and caused to be issued to himself a sheriff's deed for the land, which was at that time worth more than four thousand dollars; that upon a fair accounting it will be found that the plaintiff has paid the defendant sufficient to redeem her land from the sale, but, if it should be found that such is not the case, she is ready and willing to bring into court any amount which is lacking. The petition asks for an accounting, that the money paid for the plaintiff be applied in redemption of the land, and that the defendant be required to convey it to her. The answer states that in November, 1891, the plaintiff and her husband executed to Shuler a mortgage on the three tracts of land he had conveyed to her, and another forty-acre tract, to secure the payment of two promissory notes which amounted to one thousand four hundred dollars and interest; that in July, 1893, Shuler sold the notes and mortgage to the First National Bank of Grundy Center, which owned them at the expiration of six months after the sheriff's sale referred to was made, and continued to own them until after the expiration of twelve months from the date of that sale; that after six months, and before the expiration of nine months, from the date of the sale, the bank redeemed the land from the sale, and thus became the owner of the sheriff's certificate of sale; that after the expiration of one year from the date of sale the bank sold and transferred to the defendant the sheriff's certificate, "and all right, title, and interest of the said First National Bank of Grundy Center in and to the real estate described in the certificate of sale;" and that by virtue of the transfer thus made the

defendant procured the sheriff's deed to which the petition refers. The ninth paragraph of the answer states that at the expiration of one year from the date of the sheriff's sale "there was due and owing to the said First National Bank from the said Katherine Mast, and on said notes and mortgage hereinbefore referred to, the sum of one thousand six hundred dollars, and that the real estate described in the petition as lots 1, 2, and 3 (constituting the real estate in controversy) was subject to the lien of the mortgage securing such debt," and that the lots were also at the same time subject to that portion of the debt secured by the mortgage to Wisner, which had been apportioned to them, and that the plaintiff could not have redeemed the lots from the sheriff's sale without first paying the amount of the Wisner mortgage lien, to which the lots were adjudged to be subject, "and the further sum of $1,600, or thereabouts, then due and owing on said mortgage executed by Katherine Mast, and held by First National Bank of Grundy Center, Iowa, together with all interest accruing on said claims, and costs of sale." The tenth paragraph of the answer states that the defendant, by reason of his purchase of the interest of the bank in the land, and the certificate of sale thereof, is entitled to receive, before redemption from him can be made, the sum of four hundred and fifty-one dollars and eighty-three cents, secured by the Wisner mortgage, "and the further sum of $1,600, secured by the mortgage heretofore held by the First National Bank, above referred to, together with all interest accruing thereon since defendant's said purchase, and all costs of sale." The eleventh paragraph of the answer is as follows: "That this defendant, George Wells, paid to the First National Bank of Grundy Center, Iowa, as the consideration for his purchase of said bank's interest in said real estate and the sheriff's certificate of sale thereof, the sum of $1,466.81." The plaintiff filed a motion to strike from the answer the parts of the ninth and tenth paragraphs which we have quoted, and the

eleventh paragraph, on the ground that they were immaterial and redundant. In support of the motion was filed an affidavit made by an attorney for the plaintiff, which alleged, in substance, that in May, 1897, the First National Bank of Grundy Center commenced against the plaintiff and her husband an action based on seven promissory notes, to the amount of nearly seven thousand dollars, among which were the two which amounted to one thousand four hundred dollars, made by the plaintiff to Shuler, as stated in the answer; that issue was joined in the action; and that thereafter a stipulation was entered into between the parties to that action by which "all matters of every kind, name, and nature between said bank and the said Masts, and all of them," were fully settled and adjusted by the delivery to the bank of the promissory note of the plaintiff and her husband for the sum of one thousand and fifty dollars. The motion was sustained, and it is that ruling which the defendant seeks to have reviewed.

I. It is claimed that an appeal could not be taken from the ruling in question. Section 4101 of the Code provides that an appeal may be taken from "an intermediate order involving the merits or materially affecting the final decision." The answer filed in this case denies all the averments of the petition which allege an agreement between the parties hereto by virtue of which the plaintiff had a right to redeem the land in question from the sheriff's sale, denies that the defendant received any money which should have been applied in redeeming from the sale, and denies that the plaintiff has any right to redeem. It was the exclusive right of the plaintiff to redeem the premises in controversy during the first six months after the sale was made. Code 1873, sections 3102, 3103. After the expiration of six months, and within nine months, from the date of the sale, it was the right of the First National Bank of Grundy Center, as the holder of the Shuler mortgage, to redeem. Code 1873, section 3103. After the expiration

of one year from the date of the sale, the right of the plain-
tiff to redeem under the statute was at an end. Code 1873,
sections 3102, 3112. The failure of the plaintiff to redeem
within one year from the date of the sale, if the defendant's
claim respecting the facts be well founded, and the redemp-
tion made by the bank, had the effect to terminate the right
of the plaintiff, and to vest the title to the premises in the
bank. Code 1873, section 3113. And, as it does not appear
that the bank was unwilling to hold the property and credit
the plaintiff with the full amount of its lien, the lien was
extinguished. Code 1873, sections 3114, 3115. Therefore
it was of great importance to the defendant, under the aver-
ments of his answer to the effect that the bank had trans-
ferred to him the sheriff's certificate of sale, and all the right,
title, and interest of the bank in and to the real estate in con-
troversy, to be able to show, in case it should appear that the
certificate was invalid, what interest he acquired by the
transfer to him made by the bank. The allegations of the
answer were broad enough to cover the transfer of the mort-
gage interest, in case none was conveyed by virtue of the cer-
tificate of sale. The averment of the eleventh paragraph of
the answer might become material, should it be found that
the plaintiff is entitled to redeem,—that the defendant
acquired an interest in the mortgage held by the bank, and
paid therefor less than the debt which it was intended to
secure. The allegations in the ninth and tenth paragraphs
of the answer, stricken out, were designed, in connection with
other averments of the answer, to set out an independent
and substantive defense to the plaintiff's alleged right of
action, and the motion was in the nature of a demurrer.
The matter stricken out was not immaterial or redundant,
and this case is distinguishable in that respect from the case
of *Allen v. Church,* 101 Iowa, 116, and *Specht v. Spangen-
berg,* 70 Iowa, 488. We are of the opinion that the matter
stricken from the answer was of a character to involve the
merits, and to materially affect the final decision of the case,

and that an appeal therefrom could be, and was, taken. This conclusion finds some support in the cases of *Lumber Co. v. Hartwell,* 94 Iowa, 576; *Bicklin v. Kendall,* 72 Iowa, 490, and *Stanley v. City of Davenport,* 54 Iowa, 463.

II. It follows from the views we have expressed that the motion to strike should have been overruled.. We do not give any weight to the affidavit attached to the motion. As a means of presenting a fact material to the claim of the plaintiff, it was unauthorized. Section 3630 of the Code, which the plaintiff cites as possibly giving sanction to the practice, does not authorize it. The defendant is entitled to have such allegations of fact as those contained in the affidavit, if material, presented and tried in the manner prescribed for trying issues of fact in equitable actions. The order of the district court is REVERSED.

GRANGER, J., not sitting.