FRED C. THORNHILL and Bob Willits, Copartners as Willits & Thornhill v. JOURGEN OLSON.

(142 N. W. 913.)

**Appeal — dismissal — appellant — right to dismiss.**

1. An appellant cannot, as a matter of right, dismiss his own appeal.

**Dismissal — without prejudice — equity — mistake — inadvertence.**

2. The supreme court will not, except upon a showing of inadvertence or mistake or some other reason which may entitle the petitioner to equitable consideration and to a special order, allow a dismissal of an appeal without prejudice.

**Action — real property — possession — judgment — stay of proceedings — appeal — new trial — motion — laws — emergency clause.**

3. Where, however, in an action to recover the possession of real property, judgment was rendered for the plaintiffs, but the district judge in open court, and on the 28th day of March, announced that an order would be entered staying all proceedings on the part of the plaintiffs except the entry of judgment, and on the 2d day of April, 1913, plaintiffs entered such judgment, and on the 3d day of April, 1913, such order staying the proceedings was entered, but on the 2d day of April, 1913, and one day prior to the formal entry of said stay order, the plaintiffs took possession of said premises, and on the 9th day of April, 1913, the defendant obtained an order restraining the plain-

tiffs from in any way interfering with the defendant's possession, but, prior to obtaining such order and in order to obtain the same, took an appeal to the supreme court from the judgment formerly entered during such proceedings, and at such time it being understood by counsel for the respective parties that such appeal could be taken under the provisions of chapter 131 of the Laws of 1913, and the evidence tends to show that on account of the necessity for the injunctional proceedings and the understanding that such appeal should be taken subject to such act of 1913, the defendant neglected to make a motion for a new trial, which under the former statutes and holdings of this state would have been necessary in order to review the evidence upon such appeal, and it also appearing that the act of 1913 was approved on March 13, 1913, but having no emergency clause thereto did not take effect until July 1, 1913, *held,* that the supreme court may issue an order dismissing such appeal without prejudice to a second appeal from the same judgment or to take advantage of whatever rights are secured by chapter 131 of the Laws of 1913.

Opinion filed August 19, 1913.

Application for an order dismissing an appeal from a judgment without prejudice to a second appeal from the same judgment or from an order overruling a motion for a new trial if such order shall be made.

Petition granted.

. Statement by Bruce, J.

This is an application for an order dismissing an appeal from a judgment without prejudice to a second appeal from the same judgment, or from an order overruling a motion for a new trial if such order shall be made.

From the evidence in the case it appears that the action was one to determine the title and right to the possession of real property in Ward county; that the cause was submitted to a jury on or about the 15th day of March, 1913, and a verdict rendered in favor of plaintiffs for the possession of the property and for $750 for the use thereof; that on the 28th day of March, 1913, the district court made and filed findings of fact, conclusions of law, and order for judgment; that at such time the court also announced in open court an order staying all proceedings on the part of plaintiffs except the entry of judgment for a period of sixty days; that thereafter and on the 2d day of April, 1913, plaintiffs' attorneys entered judgment upon said findings; that on April 3d, a written order embodying the stay of proceedings before

mentioned was formally made and entered; that on the 2d day of April, 1913, and one day prior to the formal entry of said stay of proceedings, the said plaintiffs took possession of said premises and insisted in keeping possession thereof, and on the 3d or 4th days of April, 1913, refused to recognize the order staying proceedings of said action, and were thereupon forcibly ejected from said dwelling by the defendant; that on the 9th day of April, 1913, the defendant obtained an order from the district court restraining the plaintiffs from in any way interfering with defendant's possession of said premises; the defendant, prior to the obtaining of such an order and in order to obtain the same, having first served on the plaintiffs' attorneys and filed in the office of the clerk of the district court an undertaking on appeal from the judgment in said action; that prior to the perfecting of such appeal the defendant ordered a transcript from the official reporter, and counsel for above plaintiffs and defendant understood that the preparation of such transcript and the record on appeal could and should be so made as to conform to the practice outlined by chapter 131 of the Laws of 1913; that said appeal was taken from said judgment without a motion for a new trial, with an idea on the part of the defendant, as defendant's counsel in his affidavit alleges, that all proceedings before the supreme court would be covered by the provisions of said new practice act, and that a motion for a new trial would be unnecessary in order to permit the supreme court to review the sufficiency of the evidence to sustain the verdict, decision, and judgment of the district court. Defendant's counsel also alleges in his affidavit that said appeal was taken in haste under the pressure of the action on the part of the plaintiffs in refusing to recognize the stay orders of the court, and without opportunity for due consideration of the nature and effect of the said new practice act. Plaintiffs' counsel, on the other hand, alleges that the said appeal was taken merely in order to obtain an injunction dispossessing his client of premises to the occupation of which he was entitled. The affidavits also show that on the 3d day of June, 1913, a stipulation was made between counsel, stating the time within which the defendant might serve notice of intention to move for a new trial, settle the statement of the case, prepare and make motions for a new trial, until the 15th day of July, 1913; that on the 1st day of July, 1913, the defendant served a certified transcript of the testimony in the

manner and form as required by chapter 131 of the Laws of 1913, and on the 9th day of July, 1913, a stipulation was also made that such transcript might be settled by the district judge on the 17th day of July, 1913, and that such settlement was delayed by the absence of the judge, but was settled on the 31st day of July, 1913. The petition of the defendant also contains a general affidavit of merits.

*Palda, Aaker, & Greene,* for appellant.
*Greenleaf, Bradford, & Nash,* for respondent.

BRUCE, J. (after stating the facts as above). The petition is based upon the theory that the judgment having been entered on the 2d day of April, 1913, and the appeal taken on or about the 9th day of April, 1913, and prior to the taking effect of chapter 131 of the Laws of 1913, which was on the 1st day of July, 1913, the appeal was in all particulars governed by the statutes in force prior to the enactment of said chapter 131 of the Laws of 1913, and that under said prior statutes a motion for a new trial was a prerequisite to a review by the supreme court of the sufficiency of the evidence to sustain the verdict, decision, and judgment of the district court. This motion, it is conceded, is not necessary under § 9, chapter 131 of the Laws of 1913. Counsel for defendant desires such review of the evidence, and relies upon § 7223 of the Rev. Codes of 1905, which provides that "the dismissal of an appeal by the appellant or by the court for want of prosecution, unless the court shall at the time otherwise expressly order, shall render the sureties upon the undertaking or bond given under this chapter liable in the same manner and to the same extent as if the judgment or order appealed from had been affirmed." He contends that under this section the supreme court may, on appellant's motion, dismiss an appeal and expressly order that the same may be without prejudice to a subsequent appeal and to the right of the appellant, before taking such appeal, to make a motion for a new trial which he has formerly neglected to do, and which is necessary to a review of the evidence under the law in force prior to 1913, but is not necessary under chapter 131 of such Laws of 1913. He contends that he has sufficient grounds for such order, both in the fact that he misunderstood the effect of chapter 131 of the Laws of 1913, and that he was forced to take his appeal prior to

the taking effect of said act (though not until after its passage, which was March 13, 1913), on account of the action of the plaintiffs in wrongfully, and in violation of the stay of proceedings, entering into possession of the premises in dispute.

It is well established that an appellant cannot as a matter of right dismiss his own appeal. United States v. Minnesota & N. W. R. Co. 18 How. 241, 242, 15 L. ed. 347, 348; Donallen v. Tannage Patent Co. 24 C. C. A. 647, 50 U. S. App. 1, 79 Fed. 385. It is also quite well established that a court will not usually allow a dismissal without prejudice, except upon a showing of inadvertence or mistake, or some other reason which may entitle the petitioner to equitable consideration and to a special order. Donallen v. Tannage Patent Co. supra; United States v. Minnesota & N. W. R. Co. 18 How. 241–243, 15 L. ed. 347, 348. Here, however, we believe that there is ground for such permission. The appeal by counsel for the appellant was taken on the 2d day of April, 1913. It was necessary at that time, in order to secure the rights of the appellant under the stay of proceedings ordered by the district court. When it was taken, both parties intended and believed that it was and could be taken under the provisions of chapter 131 of the Laws of 1913. It was a matter of common knowledge to the members of the bar, of which this court must take judicial notice, that the act of 1913 was before the legislature and had been passed by that body. It had, in fact, been approved March 13, 1913, and before the taking of the appeal. If said act had had attached to it the emergency clause which has come to be a very common part of our legislation, it would have taken effect on the 13th day of March, 1913, and not on July 1, 1913. It is a matter now of much dispute among the legal profession, and one which has not yet been decided by this court, whether such act applies to appeals from judgments which have been rendered prior to its enactment, at any rate in so far as matters of form are concerned. The act as a whole had not at the time of the appeal in question been generally published. It would be a strange construction of the law and of the equitable powers of this court to apply the doctrine of "ignorance of the law excuses no one," even if such doctrine universally prevails (and of that the writer of this opinion, speaking for himself alone, has some question), to a case such as this where the discretionary and equitable powers of the court may be

called upon, where the statutes of North Dakota, unlike those of the United States, expressly provide that the court may expressly order that a dismissal may be without prejudice without in any way limiting it as to the grounds of such order, and where the new act, though passed by the legislature, had not been published, and whether it contained an emergency clause or not was unknown to the public at large.

The appeal from the judgment in this action is therefore dismissed without prejudice to the defendant's right to take a second appeal therefrom or to take advantage of any rights that he may have under chapter 131 of the Laws of 1913.

BURKE, J., and GOSS, J., did not participate.