## JOHN W. STIMSON v. BELLE FLOWER STIMSON.

(152 N. W. 132.)

**Appeal — remedy — constitution — legislature — causes which may be reviewed — power to prescribe.**

1. The right of appeal pertains to the remedy, and in the absence of constitutional inhibition, it is within the power of the legislature to prescribe the cases in which parties are entitled to a review by an appellate court.

**Interlocutory orders — appeals from — statute — causes authorized by statute.**

2. Appeals from interlocutory orders are entirely the creation of statute, and will lie only in the cases authorized by the statute.

**Striking amended complaint from files — order for — involves the merits — appealable.**

3. An order striking an amended complaint from the files is an order which involves the merits of an action or some part thereof, and hence is appealable under subdivision 4 of § 7841, Compiled Laws.

**Res judicata — issues — questions within.**

4. All questions which were actually and directly at issue on an appeal are *res judicata*, and will not be considered on a subsequent appeal in the same action.

**Appeal — dismissal — prosecution — want of — judgment — affirmance.**

5. When an appeal is dismissed for want of prosecution, and the order of

dismissal did not provide that it was made without prejudice, such dismissal was in effect an affirmance of the judgment.

**Appeal — questions involved — decided on appeal from appealable order — judgment — appeal from — dismissal.**

6. When it is shown that all the questions involved in the appeal from the judgment were decided on appeal from an appealable order made before judgment, the appeal from the judgment will be dismissed.

Opinion filed March 16, 1915.

From a judgment of the District Court of Dunn County, *Crawford,* J. Plaintiff appeals.

Dismissed.

*F. E. McCurdy,* Bismarck, and *Casey & Burgeson,* Dickinson, North Dakota, for plaintiff and appellant.

*C. H. Starke,* Dickinson, North Dakota, for defendant and respondent.

CHRISTIANSON, J. Respondent moves to dismiss the appeal on the grounds that the only question presented in this appeal has been determined on a former appeal in this case, and that the judgment from which the present appeal is taken was entered in accordance with the remittitur from this court on the former appeal. The material facts appearing from the record in this case are as follows: The present action was commenced by the service of summons and complaint in April, 1913. The defendant appeared and demurred to the complaint on September 25, 1913. The demurrer was brought on for argument, and the trial court sustained the demurrer, but granted plaintiff leave to serve an amended complaint. Such amended complaint was served October 22, 1913. The defendant thereupon moved that the amended complaint be stricken from the files for the reason that it changed the claim set forth in the original complaint, and set forth an entirely different cause of action. This motion was submitted to the court, and on December 12, 1913, the court entered its order granting defendant's motion, and ordered the amended complaint to be stricken from the files. On February 9th, 1914, the plaintiff perfected an appeal from the order striking the amended complaint from the files. On September 10, 1914, pursuant to notice, the appeal from such order was dismissed by

this court for failure to prosecute the same. On September 16, 1914, the district court, in accordance with the remittitur from this court and the provisions of the order striking the amended complaint from the files, entered its order for judgment for a dismissal of the action, and judgment was thereafter entered pursuant to the order for judgment. On December 3d, 1914, the plaintiff perfected an appeal from the judgment. The only error asserted on this appeal is that the court erred in granting defendant's motion to strike the amended complaint from the files. This is the same ground that was urged as error on the appeal from the order striking the amended complaint from the files. It is not seriously contended that this appeal can be sustained, if the order striking the amended complaint from the files was an appealable order. Appellant's counsel contends that this order was not appealable, and could only be reviewed on an appeal from the judgment.

Section 109 of the Constitution provides: "Writs of error and appeals may be allowed from the decisions of the district courts to the supreme court *under such regulations as may be prescribed by law.*" And while the law usually considers it a right of a suitor to have his rights examined in some appellate tribunal, still this right pertains to the remedy given, and in the absence of constitutional inhibition, it is within the power of the legislature to prescribe the cases in which the parties are entitled to a review by the appellate court. 2 Cyc. 507; 2 Enc. Pl. & Pr. 19. And it is a general principle of law that in the absence of a statute permitting it, an appeal will not lie from an interlocutory order or judgment, but there must be a final order, judgment, or decree rendered in the cause to permit a review. Appeals from interlocutory orders are entirely the creation of statute and will only lie in the cases authorized by the statute. 2 Cyc. 586, 591; 2 Enc. Pl. & Pr. 61.

The legislature of this state, in conformity with the constitutional provision, has adopted certain statutes regarding appeals. And in so doing has provided for a review upon appeal of certain interlocutory orders. The statute in question is § 7841, Compiled Laws, 1913. If this order is appealable, it must be classified with those orders enumerated in subdivision 4 of this section, which grants an appeal from an order "when it involves the merits of an action or some part thereof."

As stated by this court in the case of Bolton v. Donavan, 9 N. D.

575, 84 N. W. 357, our statute relative to appeals from orders is almost identical in terms with the statutes of Wisconsin, Minnesota, and South Dakota, as they existed at the time of that decision. And in Stecker v. Railson, 19 N. D. 677, 678, 125 N. W. 560, this court stated that our statute relative to appeals was borrowed from Wisconsin, and this is doubtless correct. The parent statute, of which § 7841 was a part, was first incorporated in the laws of this jurisdiction by the legislature of Dakota territory in 1887, where it is found as § 23 of chapter 20 of the Laws of Dakota. It was again re-enacted without change, by the legislature of this state in 1891. See § 24, chapter 120, Laws of North Dakota for 1891. This section was at the time of its original enactment adopted literally from Wisconsin, being § 3069 of the Wisconsin Revised Statutes of 1878. The Wisconsin statute apparently remained unchanged up to 1895, but by the amendment adopted by the Wisconsin legislature that year, the provision corresponding to subdivision 4 of § 7841, N. D. Compiled Laws of 1913, was eliminated, so the decisions in Wisconsin subsequent to 1895 are inapplicable so far as a construction of the provisions of this section are concerned. But prior to its re-enactment by the legislature of this state in 1891, and prior to its original enactment by the territorial legislature in 1887, the particular provision under consideration had been construed a number of times by the supreme court of Wisconsin. Thus, in Matteson v. Curtiss, 14 Wis. 437, that court held that an order allowing a defendant to file a supplemental answer was appealable; and in Clark v. Langworthy, 12 Wis. 442, an order denying a motion to make a complaint more specific was held appealable; and in Akerly v. Vilas, 21 Wis. 378, an order refusing leave to withdraw a reply and interpose a demurrer in place thereof was held appealable; and in Spensely v. Janesville Mfg. Co. 62 Wis. 549, 22 N. W. 574, an order denying a motion to make the complaint more definite and certain was held appealable; in Nischke v. Wirth, 66 Wis. 319, 28 N. W. 342, an order requiring an answer to be made more definite and certain was held appealable; and in Adamson v. Raymer, 94 Wis. 243, 68 N. W. 1000, an order striking out material portions of an answer was held appealable; and in Kewaunee County v. Decker, 34 Wis. 378, an order refusing to strike an amended complaint from the files was held appealable. The supreme court of Iowa, in construing a similar provision in the laws of that

state, has held the following orders to be appealable: An order deny-
ing a motion to strike out a portion of the complaint (Seiffert & W.
Lumber Co. v. Hartwell, 94 Iowa, 577, 58 Am. St. Rep. 413, 63 N. W.
333) ; an order overruling a motion to strike out an amendment to a
petition in intervention (Bicklin v. Kendall, 72 Iowa, 490, 34 N. W.
283) ; an order striking out material and relevant portions of an answer
(Mast v. Wells, 110 Iowa, 128, 81 N. W. 230). And in the case of
Barnes v. Century Sav. Bank, 149 Iowa, 367, 128 N. W. 541, 545, the
Iowa court held that an order granting a motion to strike a part of a
reply was appealable, and in that case the court, speaking through Chief
Justice Deemer, said: "In the light of past decisions, there can be no
doubt that ruling on the motion to strike is an appealable one." The
supreme court of Michigan in the case of McMann v. Westcott, 47
Mich. 177, 10 N. W. 190, held that an order striking an amended bill
was appealable, and the Supreme Court of the United States in the case
of Fuller v. Claflin, 93 U. S. 14, 23 L. ed. 785, held that an order
striking out an answer was appealable. See also Schaetzel v. Huron,
6 S. D. 134, 60 N. W. 741, and Whitlaw v. Illinois L. Ins. Co. 86 Kan.
826, 122 Pac. 1039. The supreme court of Minnesota, in construing a
similar statutory provision in that state, held in Wolf v. Banning, 3
Minn. 202, Gil. 133, an order striking out an answer with leave to an-
swer again; and in Kingsley v. Gilman, 12 Minn. 515, Gil. 425, an
order striking out portions of an answer; in Harlan v. St. Paul, M. &
M. R. Co. 31 Minn. 427, 18 N. W. 147, an order striking out an an-
swer; and in Vermilye v. Vermilye, 31 Minn. 499, 18 N. W. 832, 21
N. W. 736, an order striking out a portion of an answer,—to
be appealable orders. And in Floody v. Chicago, St. P. M. &
O. R. Co. 104 Minn. 132, 116 N. W. 111, that court, speaking
through Chief Justice Stark, said: "An order striking out a pleading
or a material part thereof is appealable; but one refusing to strike out
is not." In the case of Lovering v. Webb Pub. Co. 108 Minn. 201, 120
N. W. 688, 121 N. W. 911, the Minnesota supreme court passed on the
identical question involved in this case, and held that an order striking
out the complaint was appealable as involving the merits of the action
or some part thereof. This court has also had an opportunity to con-
strue this provision, although the question presented on this appeal has
never been decided. Under this provision this court in the case of
Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357, held that an order

bringing in an additional party defendant involved the merits and was appealable; and in Robertson Lumber Co. v. Jones, 13 N. D. 112, 99 N. W. 1082, that an order granting a change of venue was appealable. In Johnson v. Great Northern R. Co. 12 N. D. 420, 97 N. W. 546, this court decided an appeal from an order overruling a motion to make a complaint more specific, on its merits, and declined to decide whether or not such order was appealable. In Northern P. R. Co. v. Barlow, 20 N. D. 197, 126 N. W. 233, Ann. Cas. 1912C, 763, this court held that an order setting aside a stipulation "involved the merits of the action or some part thereof," and hence was appealable. (See also Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124.) And in the recent case of State ex rel. Noggle v. Crawford, 24 N. D. 8, 138 N. W. 2, an order permitting certain parties to intervene in a garnishment action was held to be appealable. Therefore, in view of the construction placed upon this provision by the various courts as indicated above, we are compelled to hold that an order striking a complaint from the files is appealable. As already stated, the only error assigned on this appeal is that the court erred in striking the amended complaint from the files. It is conceded that this is the same and only error assigned on the appeal from the order. This is therefore in effect a second appeal to this court to review the same error. It is well settled that when an appeal is taken, all questions presented, or which were actually and directly at issue on that appeal, are *res judicata,* and will not be considered on a subsequent appeal in that action. Bem v. Shoemaker, 10 S. D. 453, 74 N. W. 239; Schleuder v. Corey, 30 Minn. 501, 16 N. W. 401; Scottish American Mortg. Co. v. Reeve, 7 N. D. 552, 75 N. W. 910; 3 Cyc. 395; 2 Enc. Pl. & Pr. 355; 2 R. C. L. § 187.

The fact that the former appeal was dismissed for nonprosecution without a hearing on the merits does not change the rule. No application was made to this court by the appellant to have the dismissal of this appeal made without prejudice, but appellant defaulted at the hearing of the motion to dismiss, and permitted an absolute dismissal to be made for failure to prosecute the appeal. The dismissal of the former appeal, being absolute, was therefore equivalent to an affirmance on the merits of the order appealed from. Garibaldi v. Garr, 97 Cal. 253, 32 Pac. 170; Shannon v. Dodge, 18 Colo. 164, 32 Pac. 61; Dunterman v. Storey, 40 Neb. 447, 58 N. W. 949; Collins v. Gladiator Consol. Gold

Min. & Mill. Co. 19 S. D. 358, 103 N. W. 385; 3 Cyc. 200; R. C. L. § 188, p. 226.   See also Thornhill v. Olson, 26 N. D. 27, 142 N. W. 913.

The appeal taken by the plaintiff from the order striking the complaint from the files was therefore in effect decided against plaintiff's contentions on its merits, and the court's decision on the questions raised on that appeal is *res judicata,* and cannot. be considered by this court on this appeal.   When an appeal is taken from an appealable order made before judgment, the questions presented on that appeal are *res judicata,* and cannot be again presented on an appeal from the judgment.   Coats v. Harris, 9 Idaho, 470, 75 Pac. 246; Schleuder v. Corey, 30 Minn. 501, 16 N. W. 401; Maxwell v. Schwartz, 55 Minn. 414, 57 N. W. 141; Padgett v. Smith, 206 Mo. 303, 103 S. W. 943.   See also 2 R. C. L. § 160, p. 187; Krantz v. Rio Grande Western R. Co. 13 Utah, 1, 32 L.R.A. 828, 43 Pac. 623; Patten Paper Co. v. Green Bay & M. Canal Co. 93 Wis. 283, 66 N. W. 601, 67 N. W. 432; Heinlen v. Beans, 73 Cal. 240, 14 Pac. 855; Stewart v. Salamon, 97 U. S. 361, 24 L. ed. 1045.   This being so, there is no question presented for determination by this appeal, and it must be dismissed.

It is so ordered.